## WATTSON *a.* THIBOU

*Supreme Court, First District; General Term, Dec.,* 1863.

SUPPLEMENTAL COMPLAINT.—NEW CAUSE OF ACTION.

A new substantive cause of action cannot be set up by supplemental complaint.

The matter of a supplemental complaint must be consistent with and in aid of the case made by the original complaint.

In an action upon notes, after answer that the notes had been paid by the acceptance of defendant's bonds in satisfaction,—*Held,* that it was improper to allow a supplemental complaint, setting forth such bonds, and claiming a recovery upon them.

A plaintiff cannot be permitted to recover judgment upon a cause of action not in existence at the commencement of his action.

Appeal from an order denying leave to serve a supplemental complaint.

This action was brought by Thomas B. Wattson and Edward L. Clark against Thomas Thibou, upon nine promissory notes, amounting to $17,723.34. The complaint was verified 12th August, 1861: an attachment was issued and summons served by publication: an answer was put in February 21st, 1862, setting forth that on September 10th, 1861, the defendant delivered to plaintiff four bonds, amounting to £3,692 7*s.* 3*d.,* which the latter accepted in full satisfaction.

The plaintiff moved for leave to set up, by supplemental complaint, that the bonds were given to their agent at Antigua, after the commencement of the action, in fraud of the plaintiffs, with other facts which sufficiently appear from the opinion; and also, that four judgments had been entered in Antigua, upon warrants of attorney, accompanying such bonds, and asked leave to set up such bonds and judgments by way of supplemental complaint.

The motion was denied, and plaintiff appealed.

*Joseph E. Berry,* for the appellants, cited *Code,* § 177; Lampson *a.* McQueen (15 *How. Pr.,* 345); Bate *a.* Fellowes (4 *Bosw.,* 638); Hasbrouck *a.* Shuster (4 *Barb.,* 285); Drought

Wattson *a.* Thibou.

*a.* Curtiss (8 *How. Pr.*, 56); Burdell *a.* Burdell (2 *Barb.*, 473); Hoyt *a.* Sheldon (4 *Abbotts' Pr.*, 59); affirmed, 19 *N. Y.*, 207; McCullough *a.* Colby (4 *Bosw.*, 603); and urged that the matters set up in answer arose in a fraudulent attempt of defendant to avoid a successful attachment in the action.

*Henry A. Cram*, for the respondent.—A supplemental complaint can be allowed only when it sets up facts material to the plaintiff's case. (*Code*, § 177.) The facts shown, are: 1. That when the answer was put in, the plaintiff's cause of action was merged in the bonds; 2. That there was a second merger by the judgments. Instead of showing any thing material to the plaintiff, the supplemental complaint shows that no cause of action existed at the time the action was commenced.

BARNARD, J.—The principles that obtained prior to the passage of the Code, in reference to the filing of a supplemental bill to bring in matters occurring subsequent to the filing of the original bill, still continue, except when either expressly abrogated by, or manifestly inconsistent with, the provisions of the Code.

One of these former principles is, that a new substantive cause of action cannot be set up by supplemental bill. (Milner *a.* Milner, 2 *Edw.*, 114.)

It was another of those principles, that the matter of the supplemental bill should be consistent with and in aid of the case, made by the original bill, and not to make a new and different case. (1 *Hoff. Ch. Pr.*, 396.)

These principles are not inconsistent with, nor abrogated by section 177 of the Code.

Now in this action, the original complaint counted on promissory notes.

The supplemental complaint sets up no facts that are material to or in aid of the cause of action on the notes.

Taking the 8th, 9th, 10th, 11th, and 12th allegations of the proposed supplemental complaint by themselves, without reference to the other allegations, and they simply show a cause of action on the English judgments, which is a cause of action arising since the commencement of this action, and are not material to or in aid of the cause of action on the notes.

Again, taking all the allegations of the proposed supplemental complaint together as a whole, it appears that the object sought to be obtained by the supplemental complaint, is to avoid the effect of the answer to the original complaint on the notes, which answer sets up that on the 10th day of September, 1861 (which was after the commencement of this action), the defendant made, sealed, and delivered to plaintiffs his four bonds, which bonds plaintiffs accepted, and received in full satisfaction of the notes.

This answer tenders the issue as to whether plaintiffs did accept such bonds in such manner as to bar their right of action on the notes;—upon which issue plaintiffs can, in disproof of the answer, introduce all the evidence and proof which he could under a supplemental bill, setting out facts to show that there was no such acceptance. If such issue be found in plaintiffs' favor, then they recover on the notes.

But if, notwithstanding all the proofs and facts advanced by the plaintiffs, it should be decided that they did accept the bonds in such manner as to bar their right of action on the notes, then there is no principle upon which, either by supplemental complaint or otherwise, the plaintiffs can maintain the present action, brought upon promissory notes, by turning it into an action on bonds received, or on judgments recovered on such bonds, long after the commencement of the action.

The plaintiffs, by their proposed supplemental complaint, seek to place themselves in the double attitude—firstly, of contending that they have not accepted the bonds alleged in the answer, in such manner as to bar the action on the notes; and secondly, failing in that, to contend that they have accepted them so far as to enable them to recover judgment on them in this action.

This they cannot be permitted to do.

It may be that, in the event of its being decided that plaintiffs have accepted the bonds so as to bar their right of action on the notes, they will lose the benefit of their attachment, unless they are allowed to recover in this action upon the bonds or the judgment recovered thereon, as substantive causes of action; and it may also be, that such a result would work great hardship in this particular case.

But notwithstanding that, a plaintiff cannot be permitted to

recover judgment on a cause of action not in existence at the time he commenced his action.

Order affirmed, with costs.

SUTHERLAND, P. J., and CLERKE, J., concurred.