Buchanan *v.* Comstock.

———•••———

## BUCHANAN *vs.* COMSTOCK and PARKS.

It is not admissible to substitute or introduce a new and distinct cause of action by way of supplemental complaint.

The matters to be introduced by supplemental complaint must be consistent with, and in aid of, the case made by the original complaint.

Where an action was brought to settle and determine the partnership rights of the plaintiff and one of the defendants, and not to determine anything between such defendant and a co-defendant, under an agreement between them; *Held* that the plaintiff could not by a supplemental complaint change the action in its entire scope and purpose, by bringing in and substituting a new controversy—a new and independent cause of action springing out of a transaction occurring since the commencement of the action, between the defendants, with which the plaintiff had no connection.

It is a good objection to a supplemental complaint, that it proposes to introduce new matter of controversy, which would complicate the action, with no advantage to the parties.

Buchanan *v.* Comstock.

MOTION by the plaintiff, for leave to file a supplemental complaint.

*E. F. Bullard*, for the motion.

*A. Pond*, opposed.

The motion should be denied. I. So far as regards matters between Parks and Comstock, and the rights of the latter under the assignment of June 17, 1863, the order striking them out of the original complaint, is conclusive here. The merits of that decision are not open to discussion here. If not right, the order should have been appealed from. But it was right in itself, and, besides, was acquiesced in, and not appealed from.

II. So far as the conflicting claims to stock, and the control of the affairs of the company, by means of the state of the title thereto, are concerned, the decision of the general term on the motion for a receiver, and reversing the order appointing a receiver, is conclusive here. The effect of that decision is, that such matter has nothing to do with this action, to settle the partnership affairs of S. A. Parks & Co., and hence, so far as that matter is concerned here, that decision controls.

III. But the motion should be denied, for the reason that it seeks to bring forward and litigate in this action, matters and claims which the plaintiff pretends to have purchased and acquired from Parks, more than two years after this action was commenced and the trial began, which matters have no relation to the subject matter of this action. It is not sought to bring forward this new matter in aid of, and to support, the original action, but for the purpose of introducing into this action a new and independent cause of action between Parks and Comstock, growing out of the assignment by the former to the latter, of his interest in the S. A. Parks & Co. stock; and to which claim the plaintiff alleges he has acquired title, by

transfer from Parks, some two years after this suit was brought. There is no precedent, nor is there any principle, authorizing the granting of such relief. A supplemental pleading is not, under, the Code, any more than under the former practice, proper, for the purpose of bringing forward a new and independent case. It was only allowed in aid and support of the original cause of action. (*Wattson* v. *Thibou*, 17 *Abb.* 184. *Milner* v. *Milner*, 2 *Edw.* 114. 1 *Hoff. Ch. Pr.* 396.)

IV. But the matter sought to be brought forward by the supplemental bill is the same as that embraced in the suit of *Parks* v. *Comstock*, now pending in the Court of Appeals. In that action, the general term of the Supreme Court has decided that Parks had no cause of action against Comstock; and that judgment is conclusive until set aside. Parks cannot, by transferring his claim to Buchanan, galvanize it into life, and introduce it into an action in favor of Buchanan against these defendants, brought for an entirely different purpose. But if it can be done, the order allowing it ought to provide that the appeal to the Court of Appeals, in that case, should be abandoned.

BOCKES, J. Motion for liberty to put in a supplemental complaint. This action was commenced in 1863, to settle the partnership affairs of S. A. Parks & Co., a firm consisting of Parks and Buchanan. They held, as partners, 198 shares in the capital stock of the Pioneer Paper Company, and the action was brought chiefly, if not entirely, to determine the rights of the parties in regard to these shares, which depended on the state of the partnership accounts. Comstock became interested in the partnership matters by an assignment to him, by Parks, of his (Parks') interest in the 198 shares of the stock. The assignment by Parks to Comstock was on the 17th June, 1863; hence it became necessary to determine the state of the partner-

ship business at that date, inasmuch as the rights of Comstock, acquired by the transfer to him, were subject to the equities existing at the time, between the partners. Incidental to the general and main object of the action, the plaintiff prayed for an injunction, and for the appointment of a receiver.

The defendant Comstock answered the complaint—interposed various matters of defense; also set up his interest in the 198 shares of stock; claimed to own an undivided half, and offered to pay any sum which, on an accounting between the partners, should be found to be a charge or lien on such undivided half.

The defendant Parks put in no answer.

The cause was referred to a referee, and several hearings have been had before him.

Notwithstanding the assignment by Parks to Comstock was in form absolute, of all right in and to the 198 shares, a separate instrument, called in the papers a defeasance, was at the same time executed between them, under which Parks retained an interest therein. This interest, whatever it may be, Parks has recently transferred to the plaintiff, and the latter now moves for liberty to put in a supplemental complaint, setting up such transfer to himself, and such other averments as will call for a determination of the rights of Parks and Comstock under the defeasance. The other matters sought to introduced into the pleading are now waived.

1st. I think the motion must be denied, because it is not admissible to substitute or introduce a new and distinct cause of action by way of supplemental complaint. The matters to be introduced by supplemental complaint must be consistent with, and in aid of, the case made by the original complaint. (17 *Abb.* 184. 2 *Edw.* 114.) This action was brought to settle and determine the partnership rights of Parks and Buchanan, not to determine anything between Parks and Comstock under the agreement be-

tween them. By this motion it is sought to bring in and substitute a new controversy, a new and independent cause of action, springing out of a transaction between them with which Buchanan had no connection. In the original complaint the plaintiff claims an accounting in regard to the partnership affairs of S. A. Parks & Co. By the supplemental complaint this is assumed to be unnecessary, and the controversy is sought to be changed in subject and in theory. It will be readily perceived, by referring to the prayer for relief in the supplemental complaint, that it proposes to change the action in its entire scope and purpose. This is not admissible under the settled practice of the court.

2d. The introduction of this new matter of controversy, if admissible, would complicate the action, with no advantage to the parties. The action is now plain and simple, both in form and theory. The issues are formed and the case partly tried; and I think the ends of justice will be best subserved by excluding from the action matter foreign to the subject of controversy stated in the original complaint.

3d. It is urged that inasmuch as the plaintiff has acquired Parks' interest in the subject matter of the action, and is willing and offers to meet and satisfy all the conditions of the defeasance, the accounting is unnecessary, and that the substitution of the supplemental complaint in the place of the original, will save great expense and useless labor. But this hypothesis rests on the construction to be given to the defeasance. The plaintiff's counsel contends that the "*surplus*" spoken of in the instrument, and which it was there agreed should "*remain for future disposal*," whatever it might be, was to belong to Parks, and that Comstock had no interest in it; consequently that he had no right to insist upon an accounting for the purpose of determining the surplus on which he had no claim. But is this so? Has Comstock no right or interest in this

Buchanan *v.* Comstock.

"*surplus?*" I think I am not at liberty here to hold that the construction contended for is correct. At any rate I am unwilling so to hold, in view of the opinion of the general term in *Parks* v. *Comstock*, wherein this clause is to some extent considered and discussed. Judge JAMES, in speaking of this "*surplus*" which was to "*remain for future disposal*," says: "The fair construction of the defeasance is, that if any surplus remained from the interest in the 198 shares, after defraying the litigation and reimbursing Comstock for the shares of stock assigned to Parks, it was in some manner to be *divided between them*," &c. And again, he says: "The assignment was a valid transfer to Comstock of Parks' interest in the 190 shares of stock; the defeasance showed it was transferred to enable Comstock to ascertain the extent of that interest, and when ascertained, if of any value, to be disposed of *between them.* Therefore, Comstock had an interest in said stock." The opinion of the general term seems very distinct to the effect that Comstock had rights in the "surplus" which might "remain for future disposal;" but to what extent, or what was his portion, is not there declared. It follows from this view that there must be an accounting in order to determine what that surplus is. Comstock's right and interest can be found in no other way. This necessity is not obviated by the fact that all rights are now in Buchanan, except such as Comstock holds. The accounting is now the first step towards the adjustment of the rights between Comstock and Buchanan; and until this is accomplished, it is impossible for Buchanan, as it was impossible for Parks before his transfer to the latter, to make an offer of performance of the conditions of the defeasance with a view to acquire title to the stock, as proposed in the supplemental complaint, which is based on the theory that no examination into the affairs of the partnership of S. A. Parks & Co. is necessary. As was said in the opinion of the general term from

which I have made extracts, until the accounting is had, the extent of the interests of the parties cannot be known, nor their rights determined, nor their equities adjusted. Nothing can, therefore, be gained by an attempt to avoid the accounting now in progress under the original pleadings. It must of necessity proceed to a termination, unless the parties can arrange their difficulties by an amicable settlement.

4th. Some of the matters sought to be introduced into this action by the supplemental complaint, were embraced in the suit between Parks and Comstock, now pending on appeal in the Court of Appeals; and many averments with a view to the procuring of a receiver, are also introduced, which have been considered and held useless or improper, by this court, on appeal from the order appointing a receiver herein. (*See opinion of Justice Rosekrans, S. C. ante p. 575.*) Such matter and averments clearly ought not to be now brought into this suit. I am satisfied the motion for liberty to put in the supplemental complaint should be denied.

It seems very plain that the first step towards a termination of the various, protracted and pertinacious litigations between these parties, is to have the accounts of the partnership of S. A. Parks & Co. taken and stated in this action. This will determine the rights of the parties as to the stock in the Pioneer Paper Company—the real matter in controversy—and put the parties in a position to arrange the difficulties between themselves, or if that be impossible, it will give the court a basis for a final adjudication as to their rights.

Motion denied.

[SARATOGA SPECIAL TERM, May 12, 1866.  *Boekes,* Justice.]