CHARLES B. BOSTWICK *v.* WILLIAM MENCK AND ANDREW BEISER.

The province of a supplemental complaint is to present such facts material to the case, occurring after the making of the former complaint, as aid the original statement of a cause of action or tend to vary the relief to which the plaintiff is thereby entitled, or which tend to perfect an inchoate right so stated, which has since been made or become complete.

Such supplemental matter, however, can, with the original complaint, constitute but one cause of action, and if the cause of action sought to be enforced by the original complaint did not exist or was defective at the time of the commencement of the action, it cannot be created, cured or aided by matters subsequently occurring.   The matters subsequently occuring and sought to be introduced by supplemental complaint must be such as do not change the rights or interests of the parties before the court, but must merely refer to and support the same title alleged in the complaint, and already presented to the court.   A new substantive cause of action cannot be supplied or introduced into the case by supplemental bill.

Where a receiver, appointed in supplementary proceedings, brings an action to set

aside a conveyance fraudulently made by the judgment debtor, and subsequent to the commencement of the action, other judgments are recovered against the same party, and he is appointed receiver in supplementary proceedings taken on behalf of other judgment creditors, he cannot, by a supplemental complaint, include these claims in the original action.

APPEAL from an order granting the plaintiff leave to file· a supplemental complaint.

This action was instituted March 16th, 1857, by the plaintiff, as receiver, in proceedings supplementary to execution issued against the defendant Beiser, upon a judgment for $201 60, recovered against him by one Dolan, for the purpose of setting aside a general assignment made by Beiser to the defendant Menck, for the benefit of his creditors, as fraudulent as against Dolan. The complaint, which was served September 10th, 1857, also alleged the appointment of the plaintiff as receiver, in supplementary proceedings on two other judgments, but otherwise made no allegation that the suit was brought in any other right or on behalf of any other creditor of Beiser.

The action was tried in December, 1858, and judgment rendered that the assignment was fraudulent and void; for an accounting of all the property and effects which had passed under it, and for the delivery and payment of the whole thereof to the plaintiff.* This judgment was affirmed by the general term of this court, but, on appeal to the Court of Appeals, it was, in June, 1869, reversed,† and a new trial ordered; unless the plaintiff stipulated, within thirty days from the entry of and notice of the order, to take judgment for the amount of the Dolan judgment and·costs.

The plaintiff refused to give such a stipulation, and claimed that the reversal occurred from his failure to show that he had also been appointed on behalf of other creditors of Beiser, or that his receivership had been extended for their benefit. Subsequently, in July, 1869, the plaintiff applied for leave to file a supplemental complaint alleging the recovery of six other judgments against Beiser, and the appointment of the plaintiff since

---

* See a decision concerning the form of decree in this case, made at special term, in February, 1859, reported in 10 Abb. Pr. 197, *sub nom. Bostwick* v. *Beiser.*

† The opinion rendered on the reversal is reported in 40 N. Y. 383. ·

the commencement of this action as receiver, upon supplementary proceedings therein. By an order dated September 8th, 1869, leave to file such supplemental complaint was granted him, * and his appeal was taken from that order.

*Andrew Boardman*, for appellants.

*C. Bainbridge Smith*, for respondent.

By the Court.†—Robinson, J.—[After stating the facts.] The province of a supplemental complaint is to present such facts, *material to the case*, occurring after the former complaint (Code, § 177), as give aid to, or tend to vary the relief to which the plaintiff was entitled by, his original statement of a cause of action, or to perfect an inchoate right so stated, which has since been made or become complete.

Imperfections in the complaint, in allegations affecting the rights sought to be enforced, are to be remedied by amendment, although the Code (§ 177) allows the correction by supplemental pleading, where " the party *was ignorant* " of them " when his former pleading was made." But such supplemental matter introduced into the record still constitutes but *one* cause of action (Story Eq. Pl. § 332), and if the cause of action sought to be enforced by the original complaint did not then exist, or was defective at the time of the commencement of the action, it cannot be created, cured, or aided, by matters subsequently occurring. The events or matters subsequently occuring, and sought to be introduced by supplemental complaint, must be such as do not change the rights or interests of the parties before the court, but must merely refer to and support the same title alleged in the complaint, and already presented to the court (Story Eq. Pl. § 336 ; Daniel's Ch. Pr. 154).

A new substantive cause of action cannot be supplied or introduced into the case by supplemental bill ( *Wattson* v. *Thibou*, 17 Abb. Pr. 184 ; *Milner* v. *Milner*, 2 Edw. Ch. 114 ; *McCollough* v. *Colby*, 4 Bosw. 603 ; Story Eq. Pl. §§ 336, 339 ; *Dickson*

---

* The opinion rendered by Daly, Ch. J., at special term, on giving leave to file the supplemental complaint, is reported in 8 Abb. Pr. N. S. 169.

† Present, Robinson, Loew, and Larremore, JJ.

v. *Pointdexter*, 1 Freeman Ch. 721). Previous to the Code different persons (including judgment creditors, having a common, but not joint, interest in the relief sought), were permitted to join as plaintiffs (*Brinkerhoff* v. *Brown*, 6 John. Ch. 139 ; *Murray* v. *Hay*, 1 Barb. Ch. 62); and the Code (§ 117) contains a provision to the like effect, that " all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this title." A receiver in proceedings supplementary to execution, represents the creditor on whose behalf he is so appointed, and becomes entitled to enforce the rights of such creditor, to such extent as is necessary to procure satisfaction of the debt. But where, at the time of the commencement of his suit to enforce such rights, he is receiver in other supplementary proceedings instituted by other judgment creditors, and he seeks also to enforce their rights, he must properly state a cause of action on their behalf; and the question on this appeal is, whether the rights of any such other judgment creditors, whose rights to assail such fraudulent assignment, have been perfected by return of execution, supplementary proceedings, and the appointment of a receiver before or subsequent to the commencement of this action, but whose rights had not been suggested in the original complaint, can be presented by way of supplemental complaint ? Upon the principles governing such a proceeding (as above stated) it seems clear that such rights of the judgment creditors, whose claims were in no way presented by the original complaint, and whose judgments were recovered, and the appointment of the plaintiff as receiver in their behalf procured, subsequently to the commencement of this action, cannot be so presented by supplemental complaint.

As judgment creditors with executions returned unsatisfied, or through a receiver appointed in their behalf, they might have commenced separate actions, or, under the provisions of the Code (§ 117), have united in an action by themselves, or the receiver appointed in their behalf, for the purpose of obtaining the like relief of setting aside the assignment made by their debtor in fraud of their rights, and for the proper statement of their several causes of action, it should appear that they were

judgment creditors with executions therein returned unsatisfied, and for cause of complaint, that an assignment had been made by their debtor, in fraud of their rights, of property which should be applied to the payment or satisfaction of their debts, but the presentation of the claims of another plaintiff suing in his own behalf (or as representative of any such separate right), with a view to procure the same relief as was the object of an existing suit between other parties, is the statement of a new and distinct cause of action. The supplemental complaint sought to be filed in this action states no matter which aids or varies *the case* presented by the original complaint, nor in any way *supports the rights* of the judgment creditors mentioned therein, but alleges and presents claims on behalf of other creditors which are entirely independent, and are wholly unaffected by the pleadings interposed, or other proceedings which have taken place in the original action. The fraudulent assignor could not impeach his own assignment, nor could any other person do so, except as a creditor, by judgment, after execution thereon had been returned unsatisfied, who should, by his own suit, or through a receiver appointed in his behalf, evince his dissent thereto by assailing it in a direct proceeding instituted for the purpose of avoiding it. Such a suit being an original action instituted exclusively for the benefit of the particular creditor, in whose behalf it is brought, cannot be engrafted or interpolated by supplementary complaint into another *original* action instituted for a like purpose by or in behalf of other creditors. The original suit having progressed for the exclusive benefit of the parties to it, or whose interests are involved therein, the claims of other creditors constitute grounds for relief by original complaint in their own behalf, which are to be determined according to the case made by each claimant. But if, by neglect, any such creditor has failed to properly present his rights within the period prescribed by the statute of limitations for equitable demands, the parties in adverse possession are entitled to the benefit of the " statute of peace," so far as it operates in their favor, and to claim its exemption from responsibility as an original defense to any action brought in derogation of the rights which they shall have enjoyed under

it. As to matters of mere supplemental relief, no such defense would avail, and it may well be conceived that the introduction of these new claims into the case, distinct from those made by the original complaint, would interfere with existing rights, and introduce complications which would interrupt the ordinary course of pleadings and proceedings as settled and defined by our system of practice. The necessity for the institution of a separate suit or suits in behalf of the new claimants (whether they may hereafter be united or consolidated with the present suit or not), seems to be clearly maintained by the authorities above cited, and also by the opinion of Justice Grover in this case, when in the Court of Appeals (40 N. Y. 386, concurred in by a majority of the court, p. 390). He holds that the right of the receiver in the property alleged to have been fraudulently assigned, is *no greater* than that of the creditor he represents, and that the right of the creditor to treat as void, and to set aside, the transfer of the property fraudulently assigned, exists only "so far as shall be necessary to satisfy his debt and costs." "He has no right to interfere with the transfer beyond this. When his debt and costs are paid, the transfer is as valid as to him as to other persons;" and he further distinctly holds as follows: "But the same person may be appointed receiver, after he shall have commenced an action by virtue of a previous appointment; *in such a case, he must commence a new suit* to enforce the rights so acquired. There is no greater incongruity in this than in the commencement of separate suits, by several creditors, against a fraudulent assignee, to enforce their respective rights." This is an express and authoritative recognition of the principles above stated, and is fatal to the right to present in this action, by way of supplemental complaint, claims of other judgment creditors than those whose rights were sought to be enforced in the original complaint.

The order appealed from allowing the statement by way of supplemental complaint of these further causes of action, on behalf of other claimants having distinct interests from those represented by the original complaint, cannot be sustained, and should be reversed, with costs.

Order reversed.