WILLIAM M. GAMBLING AND ANOTHER *against* DAVID L. HAIGHT, SARAH R. HAIGHT, WALTER JONES, AND OTHERS.

In a proceeding to foreclose a mechanic's lien, a contractor having claimed to recover partly for work done under a written contract, and partly for extra work done and materials furnished in consequence of a change in the plans and specifications forming a part of the contract, he discovered, for the first time, on the trial, that after he had signed the contract, the plans and specifications forming a part of it had, without his knowledge, been so materially changed, that he could not determine how much of the work done by him was in accordance with the original contract. *Held*, that it was proper to allow him to file and serve a supplemental pleading setting up the newly discovered facts, and making his claim according to them.

APPEAL from an order of the special term, allowing the defendant, Jones, to file a supplemental pleading.

This action was brought by the plaintiffs, as sub-contractors, against the defendants Haight, as owners, and the defendant Jones, as contractor, to foreclose a mechanic's lien, filed against the premises situated on the southeasterly corner of Fifth avenue and Fifteenth street, in the city of New York.

After the plaintiffs had filed their lien, the defendant Jones also filed a lien against the same premises, to secure a balance of $30,000, which he claimed to be due him, on his contract with the defendants Haight. In his original answer, he al-

---

leged that the plans and specifications, which formed a part of the contract between himself and the owners, were to a considerable extent altered and departed from, and the work changed. He therefore claimed to recover partly for work done and materials furnished, in pursuance of said contract, and partly for extra work and work done by reason of the changes and alterations in said contract.

During the progress of the trial before Stephen H. Olin, Esq., the referee, to whom the cause had been referred, the original plans and specifications were produced by the defendants Haight, when it was ascertained by Jones that they had been altered, without his knowledge or consent, after he had signed the same. These alterations he claimed were so material that it was impossible for him either to trace the extra and contract work on said building, or to determine what work was contemplated in and by the original contract.

The defendant Jones accordingly made a motion before the referee for leave to amend his pleading in conformity with the above mentioned facts, which motion was denied, on the ground that the proposed amendments would change the cause of action, and that it was therefore not within the power of the court to grant the same. He thereupon applied to the special term of this court for leave to file and serve a supplemental pleading setting up the newly discovered facts.

The motion was granted, and the defendants Haight appealed.

*Gray & Davenport*, for appellants.

*Alexander Thain*, for respondent.

LOEW, J.—After issue has been joined in an action or proceeding for the foreclosure of a mechanic's lien, the same is to be tried in like manner as any other civil action (Laws of 1863, chap. 500, § 5; *Doughty* v. *Devlin*, 1 E. D. Smith, 625; *Hubbell* v. *Schreyer*, 4 Daly, 367, 368). The provisions of the Code of Procedure are therefore as applicable to such a pro-

ceeding as they are to an ordinary action, except in so far as they may be inconsistent with the lien act.

By section 177 of the code, the court is authorized to permit either party, on motion, to make and file a supplemental pleading alleging facts material to the case, of which he was ignorant when the former pleading was made, or which have arisen since that time. It will thus be seen that before leave to file and serve such a pleading can be given, it must be made to appear:

1st. That the matters set up in the proposed supplemental pleading are in aid of or material to the case; and,

2d. That the party was ignorant of those matters or facts when his former pleading was made; or else that they have occurred since that time. But after these two prerequisites have been complied with, the court should, in the exercise of a sound yet liberal, judicial discretion, allow the supplemental pleading to be filed, on proper terms, whenever it would be in furtherance of justice to do so (*Harrington* v. *Slade*, 22 Barb. 161; *Hoyt* v. *Sheldon*, 4 Abb. Pr. 59). This discretion does not, however, extend to permitting an entirely new and independent cause of action to be incorporated or introduced into the case by a supplemental pleading (*Bostwick* v. *Menck*, 4 Daly, 68).

In the present instance, the defendant Jones, in his supplemental pleading, has set up facts which are material to the case. They do not, as has been argued, constitute a new or different cause of action, but simply vary the relief to which he was entitled, under the original answer or statement of his claim. It is within the province of a supplemental pleading to present such matters to the court (*Bostwick* v. *Menck*, *supra*; *Hasbrouck* v. *Shuster*, 4 Barb. 285); and the affidavits upon which the motion was based, show that they did not come to the knowledge of the defendant Jones until after the trial before the referee had been commenced. The learned judge, at special term, was therefore warranted in granting the application, and the order appealed from should be affirmed.

DALY, Ch. J., and LARREMORE, J., concurred.

Order affirmed.