Freedmah, J.
This saction was originally commenced by Louis Muller, as one for equitable relief. It was brought against the defendant Earle, the Mayor, Aldermen and Commonalty of the city of Hew York, and Bichard B. Connolly, as comptroller, of said city, to ascertain and determine the amount due to Louis Muller for certain buildings erected by him and taken by the corporation of the city of Hew York in proceedings for a street improvement, and to decree its payment out of the amount of a certain award then in the hands of the comptroller, and made in said proceedings to the defendant Earle, as the owner of the soil, for the land and buildings so taken. As part of the relief demanded, the plaintiff prayed for an injunction restraining the comptroller from paying, and the defendant Earle from receiving, the sum of nine thousand five hundred dollars, alleged to be the value of the buildings. On July 16, 1868, Louis Muller voluntarily discontinued the action as against the mayor, aldermen and commonalty of Hew York. On the trial, which took place in 1870, the court at special term dismissed the complaint as against the defendant Connolly, and rendered judgment for Earle as against the plaintiff, with costs. Louis Muller shortly thereafter died, and the present plaintiff was by.an order of the court allowed to prosecute an appeal as administrator of the goods, chattels and credits of Louis Muller, deceased. The appeal resulted, for reasons not necessary to be considered here, in a reversal of the judgment óf the special term, and the granting of a new trial. The plaintiff, having learned that since the commencement of this action, the whole amount of the award had been actually paid over to Earle, now moves for leave to change his action, either by amendment or supplemental complaint, to a mere money demand on contract.
There is no doubt that by reason of the payment by *390 the comptroller, and the receipt by Earle of the whole amount of the award, and the discontinuance as against the mayor, aldermen and commonalty, the action can no longer be maintained as one for equitable relief, and that in place thereof, a cause of action has accrued against Earle under section 184 of the act of 1813, as for moneys had and received by Earle to and for the use of Louis Muller. The question therefore arises, Does the law authorize the proposed change %
Although, as a general rnle, the court will allow a party to shape his complaint to suit himself, and for this purpose will permit him at any time before trial to amend it upon such terms as may be just, so as to present his own views of the questions to be litigated, and although it has been said that there is no restriction upon the power of the court to allow such amendments before trial, even though the effect be to change entirely the whole cause of action, yet no case can be found in which a complaint was allowed to be amended by setting up facts.which were necessary to the cause of action, but which occurred after suit brought. The length to which courts .have gone in the cases in which these doctrines were laid down, was to. permit the plaintiff to rearrange his statement of the facts existing at the commencement of the action, so as to entitle himself to a relief different from that originally prayed for. Thus in Chapman v. Webb (6 Sow. 390), an amendment was allowed, after issue joined, the effect of which was to change a cause of action founded upon contract into an action of tort. In Dows v. Green (3 How. 377), it was held that the plaintiff might amend a complaint claiming a'judgment for damages for the value of personal property unjustly detained, so as to allow him to proceed to judgment as in an action for the recovery of the possession of personal property. Other similar cases may be found, but the two cited are sufficient to demonstrate *391 the extent to which the power to grant amendments has been carried.
As the Code now stands, and has stood since 1852, five classes of amendments may be made in the discretion of the court. The first four may be made before or after judgment. The pleading, process or. proceeding may be amended: 1. By adding or striking out the name of any party ; or, 2. By correcting a mistake in the name of a party ; or, 3. By correcting a mistake in any other respect; or, 4. By inserting other allegations material to the case.
The only limitation upon the exercise of this power is that the amendment shall be made in furtherance of justice, and o.n such terms as may be proper.
The fifth can only be made after trial, by conforming the pleading or proceeding to the facts proved, and then only when, in addition to the requirements of justice, it appears that the amendment does not change substantially the claim or defense.
None of these five classes embraces a case analogous to the one now under consideration.
And when, on the assumption that the Code left the statute of amendments, as contained in the revised statutes, untouched, and that the provisions there found are to be considered in connection with the provisions of the Code, we turn to that statute (2 Rev. Stat. 424, 2 Edm,. Stat. 441) and the reported decisions made under the same, we find, that although the statute does not limit the discretion of the court in making amendments, and the court has frequently allowed a change of the form of action under it, yet such discretion was never exercised to the extent of allowing the withdrawal of the action pleaded, and the substitution of another and entirely different cause of action that accrued after the institution of the first suit. Yet this is precisely what the plaintiff asks upon this motion.
Not only can no authority be found which sustains *392 plaintiff’s application, but there are cases in which it was expressly decided that if, on the facts stated in the complaint, no cause of action'exists against the defendant, and no relief can be granted against him on those facts, facts occurring after suit "brought cannot, either by amendment or by supplemental complaint, be made a part of plaintiff’s case, nor will they enable him to maintain the action which he has instituted (McCullough v. Colby, 4 Bosw. 603 ; Wattson v. Thibou, 17 Abb. Pr. 184).
The plaintiff, therefore, can only be permitted to set up, by way of supplemental complaint, the fact of the death of Louis Miller, and of the appointment, of the plaintiff as administrator. But the new cause of action which he is desirous of pleading, he can neither set up by way of amendment, because amendments to a pleading can only relate to the time when the original pleading was made, and can only state facts in existence at that time, nor can he introduce it into the case by way of a supplemental complaint, for it is a well settled rule of pleading that the matter of a supplemental complaint must be consistent with, and in aid of the case made by the original pleading, and that the plaintiff cannot, by such means, change the action in its entire scope and purpose, by bringing in and substituting a new controversy, a new and independent cause of action, .springing out of a transaction occurring since the commencement of the action, and upon which a judgment can be rendered without reference to the original complaint (Buchanan v. Comstock, 57 Barb. 582; Milner v. Milner, 3 Edw Ch. 114; Wattson v. Thibou, 17 Abb. Pr. 184; Dann v. Baker, 12 How. Pr. 521; Slauson v. Englehart, 34 Barb. 198).
Order accordingly.