AMASA CORBIN, JR., AND ANOTHER, APPELLANTS, v. JOSEPH F. KNAPP AND ANOTHER, RESPONDENTS.

*Libel — Supplemental complaint alleging publications unknown to plaintiff when suit was commenced — when allowed.*

This action was brought to recover damages for the publication by defendants, in a paper edited by them, of a libel concerning these plaintiffs. After the commencement of the action, plaintiffs, having learned that the defendants had circulated (prior and in one case subsequent to the commencement of this suit) other newspapers which had copied and published the alleged libel, marking it so as to call attention to it, moved for leave to file a supplemental complaint setting up these facts. *Held,* that the motion should be granted.

APPEAL from an order made at the Special Term, denying a motion for leave to file a supplemental complaint.

*Skinner & Wood,* for the appellants.

*Arnoux, Ritch & Woodford,* for the respondents.

DAVIS, P. J.:

This action was commenced on the 28th day of September, 1874, and issue was joined on the 20th day of October, 1874. The complaint charged in substance that the defendants, on the 10th day of September, 1874, published in an insurance journal known as the "Chronicle," a certain libel of and concerning the plaintiffs which is set forth at length in the complaint. It alleged no other publication or circulation of such libel. After issue joined, and after the lapse of time to amend *as of course,* the plaintiff moved for leave to file a supplemental complaint alleging that several newspapers therein named had, at dates before the commencement of this action, printed in their columns the said alleged libel (*in haec verba*), and that the defendants had willfully and maliciously circulated such papers, with the libel conspicuously marked, throughout portions of the country; that such circulation occurred at dates prior to the commencement of the action; but that, as they showed by affidavit, the fact of such circulation had come to their knowledge subsequently to the joining of issue. They averred as to one newspaper (The Brooklyn Daily Eagle), the printing of the libel, and that

defendants circulated that paper, marked as above stated, after the commencement of the suit.   The motion for leave to file the supplemental complaint was denied.   Section 177 of the Code provides that the plaintiff may be allowed on motion to make a supplemental complaint " alleging facts material to the case, *occurring after the former complaint, or of which the party was ignorant when his former pleading was made.*"   The facts alleged in a supplemental complaint are in all cases to be " material to the case ;" that is, to the case made against the defendant in the pending action. (*Wattson* v. *Thibou,* 17 Abb., 184; *Buchanan* v. *Comstock,* 57 Barb., 582; *Slauson* v. *Englehart,* 34 Barb., 198; *Dann* v. *Baker,* 12 How., 521.)

One reason for allowing such facts to be alleged under the Code by supplemental complaint, is, that they have occurred after the former complaint; another reason is, that they are facts of which the party was ignorant when his former pleading was made ; but in either case they are to be material to the case.   The court below doubtless held that the circulation of the Brooklyn Eagle containing a republication of the libel, made subsequently to the commencement of the suit, gave a new cause of action independent of and not material to the cause of action on which the suit was brought.   In strictness this was right, because every republication of the same libel is a new wrong for which a distinct civil and criminal remedy may be had.

There is, however, another view of the point which seems to us may properly be taken.   The several publications of the same libel might all have been joined as distinct causes of action in the same suit, and the jury, on proof of such publications, could have rendered a verdict covering them all.   It is not for the public interests to multiply prosecutions, either civil or criminal, for such offenses. Their joinder, while it protects the rights of all the parties, enables the State to administer justice with expedition and economy, and ought, therefore, to be sanctioned by the court.   The case to which the matter sought to be brought in, is required " to be material," is the question whether the publication was libellous of and injurious. to the plaintiffs, and the republication in various forms by the defendants of the same libel, may well be deemed, if the plaintiffs so elect, mere aggravations of the injury of which they originally

complained. I do not see any legal objection to allowing the supplemental complaint so far as it related to the publication in the Brooklyn Eagle.

The other publications made prior to the commencement of the suit, it is true, may be brought in by amendment of the complaint, and that, perhaps, would have been the better course. The plaintiffs swear, however, that they were not known to them at the commencement of the suit, but have come to their knowledge since that time. They may well be regarded as material to the case, because the reiteration of the same libel or slander on various occasions, is competent proof of malice, and goes to the question of damages. What is here sought to be brought in, is not the act of printing in the other papers named, the libel charged in the complaint, as first published in the insurance journal, but its circulation by the defendants themselves after it had been copied from their own journal into the several papers named. That fact, I think, may very properly be deemed, within the rule of the Code, material to the case; and as it did not become known till after the suit was commenced and the time for amendment as of course had passed, there does not seem to be any substantial objection to bringing it in in the manner proposed.

I think the order below should be reversed, with ten dollars costs, besides disbursements, and the plaintiff should have leave to file his supplemental complaint on paying costs of opposing motion below.

DANIELS, J., concurred.

BRADY, J.: I dissent. I think the mode is by amendment.

Order reversed, with ten dollars costs.