Rollins, S.
—On the 17th of March last, the petitioners herein commenced a proceeding for the removal of this respondent as executrix and trustee under the will of Han-ford Smith. Application is now made in their behalf for leave to file and serve a supplemental petition. This application is resisted on several grounds.
First. The respondent claims that it is not based upon the petition originally filed. This contention seems to me to be unsound. The original petition is avowedly the basis *436 of a proceeding of which the present application is merely an incident. The. affidavit of Hanford Smith, upon which was granted the order to show cause herein, and the proposed supplemental petition, alike distinctly refer to the-petition first filed, and the respondent has had full notice that the new petition was intended to be joined with the former, and to be part of it.
Second. The objection that the proposed supplemental petition cannot properly be joined with the original, because it sets up a new and distinct cause of action, must be overruled.
The facts alleged in the later petition are averred to have-occurred since the filing of the former, or, to have been, at. the time of such filing, unknown to the petitioners. Besides, it cannot be said that the two0 sets of facts constitute several causes of action, or that they tend to show that the petitioners are entitled to any relief other than that for which they asked at the outset.
v New allegations of fact constitute a separate cause of action, when they tend to establish for the complainant a right to relief, separate and distinct from the relief to which he might have been entitled upon proof of other facts previously alleged; but when an action or proceeding has; been commenced upon certain allegations of facts, allegations of other facts merely tending to strengthen the complainant’s right to the very relief originally demanded, and not tending to establish his right to separate and distinct relief, cannot be said to constitute a separate cause of action.
Now it is not denied by the respondent that the allegations of the supplemental petition would have been properly pleaded if they had been inserted in the original petition. I see no reason therefore why the petitioner’s supplemental application should not be received and acted upon. Corbin v. Knapp, 5 Hun, 197; Bostwick v. Menck, 4 Daly, 68; Buchanan v. Comstock, 57 Barb., 582; Wattson v. Thibou, 17 Abb., 184.