(25 App. Div. 150.)

BANIGAN v. VILLAGE OF NYACK et al.

(Supreme Court, Appellate Division, Second Department. January 18, 1898.)

PLEADING—AMENDMENT—DISMISSAL.

The principle that where, at the trial of an action, it appears that, when it was instituted, no cause of action existed, the complaint must be dismissed, is not rendered inapplicable by the fact that the court had in fact permitted an amendment of the complaint so as to allege another cause of action arising after the action was instituted, and that defendant had accepted the terms imposed upon plaintiff by the order granting the permission.

Appeal from special term.

Action by William P. Banigan, as receiver of the property of Timothy D. Lynch in supplemental proceedings, against the village of Nyack and others. From a judgment dismissing the complaint on the merits, plaintiff appeals. Modified.

Argued before CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Richard S. Harvey, for appellant.
George A. Wyre, for respondents.

CULLEN, J. This action was instituted on December 31, 1895. It was brought by the plaintiff, as receiver of the defendant Lynch, appointed in supplementary proceedings taken against that defendant to collect the amount due to Lynch from the village of Nyack on a contract for the performance of certain work. The defendant Demarest was one of the trustees of the village, and had advanced money to Lynch to enable him to carry out his contract. When the contract was performed, Lynch assigned his claim against the village to Demarest. The assignment was made to Demarest before the commencement of this action, but the claim had not at that time been paid by the village. The plaintiff claimed that the assignment to Demarest was void, as being in contravention of section 473 of the Penal Code, which provides that any public officer who, being authorized to make any contract, voluntarily becomes interested therein, shall be guilty of a misdemeanor. The original complaint in the action did not allege the issue of any execution on the judgment under which the supplementary proceedings were taken, and the plaintiff appointed receiver, and, as matter of fact, none had then been

issued.    Subsequently other judgment creditors of Lynch issued an
execution on their judgment, initiated supplementary proceedings
thereon, and on October 5, 1896, the plaintiff was appointed receiver
in those proceedings.    He thereupon applied to the court for leave to
serve an amended complaint, setting forth the second judgment and
the execution and supplementary proceedings thereon.    This leave
was granted.    On the trial the defendant moved to dismiss the com-
plaint, on the ground that the plaintiff's cause of action accrued
subsequent to the commencement of the action.    This motion the
court denied, and the evidence of the parties was taken.    Subse-
quently the trial court made an order dismissing the complaint on
the merits, and on this order judgment was entered.    No decision of
the court other than the order recited appears in the record.

The court having made neither a decision nor findings, as required
by the Code, we should be constrained to reverse this judgment, and
remit the cause to the special term as undecided, except for the order
made by the trial justice directing that the complaint should be dis-
missed.    This can be treated as the equivalent of a nonsuit in an
action at law; and it becomes necessary for us to determine whether
the plaintiff made out a prima facie case.    The rule is that the
plaintiff, to succeed in an action, must establish that he had a cause
of action at the time of the commencement of the suit.    He cannot
supply the want of a valid claim at the commencement of the action
by the acquisition of one during the pendency of the action.    On
account of the failure to issue execution on the first judgment, not
only was the appointment of the plaintiff as receiver invalid, but no
cause of action existed; for, had the judgment creditor, instead of his
receiver, brought the suit, the want of the execution would have been
equally fatal to his recovery.    The appellant does not deny this
proposition, but contends that the amendment having been made in
pursuance to an order of the court which imposed terms, and the
respondent having accepted those terms, the objection cannot be now
taken.

Properly, the plaintiff's new pleading should be considered a sup-
plemental complaint, instead of an amended complaint.    The rule gov-
erning the granting of leave to serve such pleadings is settled by a
long line of authorities.    Leave should not be granted where its object
is to set out a new cause of action when none existed at the time of
the commencement of the suit.    Farmers' Loan & Trust Co. v. United
Lines Tel. Co., 47 Hun, 315; Improvement Co. v. Viral (Sup.) 1 N. Y.
Supp. 200; Bostwick v. Menck, 4 Daly, 68; Bull v. Rothschild (Sup.) 4
N. Y. Supp. 826.    "To entitle the plaintiff to file a supplemental bill, and
thereby obtain the benefit of the former proceedings, it must be in re-
spect to the same title in the same person as stated in the original bill.
Where the plaintiff had no title when the bill was filed, he could not
set up, by way of supplement, a title subsequently acquired by pur-
chase from another."    Haddow v. Lundy, 59 N. Y. 320.

It is therefore clear that, had the defendants appealed from the
order granting leave to serve the so-called "amended complaint," the
order could not have been upheld; but the question now presented
is, the complaint having been amended by authority of the court, is it

sufficient to maintain the plaintiff's action? I think not. So far as it brought into the litigation a new and different cause of action, the order, whether proper or not, is undoubtedly effective. But, when that cause of action is presented on the trial for determination as to its sufficiency, it seems to me to be subject to any objection that could have been taken had it been declared upon originally. Had the time of the plaintiff to serve the complaint been extended to the date at which he served this amended complaint, the action could not have been maintained. The same would have been the case had the defendants voluntarily given the plaintiff permission to serve an amended complaint. I cannot see that the order of the court can have any greater effect on the pleading than the consent of the defendants would have had. The plaintiff having failed to establish a cause of action existing at the time he commenced the suit, his complaint was properly dismissed, but the direction that the dismissal should be on the merits was erroneous.

The judgment should be modified by striking out the direction as to the merits, and, as modified, affirmed, without costs. All concur.