(53 Misc. Rep. 392)

SOUTH SHORE TRACTION CO. v. TOWN OF BROOKHAVEN et al.
(two cases).

SAME v. VILLAGE OF PATCHOGUE et al. (two cases).

(Supreme Court, Special Term, Nassau County. March 9, 1907.)

1. PLEADING—SUPPLEMENTAL COMPLAINT.

Where, at the commencement of a suit by a street railroad company to restrain a town from granting to another company the right to use its streets, the company seeking the injunction had no cause of action because

of its failure to file a bond required by the consents or franchises granted it by the town, plaintiff could not thereafter file such bond for the purpose of showing that at the commencement of the action it had a cause of action, and hence would not be permitted to plead the subsequent filing of such bond by supplemental pleading.

2. APPEAL—REVERSAL—LAW OF CASE.

Under Code Civ. Proc. § 603, providing that, when the right to an injunction depends on the nature of the action, it may be granted on a complaint showing plaintiff entitled to a judgment, an injunction may be granted only upon complaint, and, where a decree granting an injunction upon facts presented by the original complaint was reversed on appeal and remanded, and there was no supplemental complaint before the court, the injunction will be denied.

3. STREET RAILROADS—GRANT OF FRANCHISE—CONDITIONS—FILING BOND.

Where the consent granted by a town to a street railroad company to use its streets required the company to give a bond to be approved by the highway commissioners or trustees, the company was not entitled to an injunction to restrain the granting of such right to another company, unless the allegations of its complaint showed that the bond was given as required by the consent, and, where no time was stated therein for such filing, it will be presumed that the parties to the contract contemplated that they should be filed within a reasonable time, which, at the most, would not exceed the time within which the railroad was to be built by the terms and conditions of the consent.

4. SAME—FAILURE TO FILE BOND—RIGHT TO EQUITABLE RELIEF.

Where a street railroad company to whom a town granted the right to use its streets on certain conditions had not, in fact, so constructed the road, the company was not entitled to the aid of equity to specifically enforce by injunction an implied negative provision in the consents denying the town the right to grant to another street railway company the right to use its streets.

Actions by the South Shore Traction Company against the town of Brookhaven and others and village of Patchogue and others. On motion to continue injunctions. Motion denied.

See 102 N. Y. Supp. 78.

Motions are made by the plaintiff in the above four actions to continue temporary injunctions, and in two of them plaintiff also moves for leave to serve supplemental complaints. The actions are brought to enjoin the local authorities of the town of Brookhaven and the village of Patchogue, respectively, from granting to defendant railway companies, and said defendant companies from accepting, consents or franchises to construct and operate a railway over certain streets, on the ground that the right to construct a railway on said streets had previously been granted to the plaintiff by the respective municipal authorities. In two of the actions the Suffolk Traction Company is impleaded with said town and village, respectively, as a party defendant, and in two of them the Cross Island Traction Company is impleaded as a party defendant. The further facts are fully stated in the opinion.

Arthur Carter Hume, for plaintiff.

Joseph T. Losee, for village of Patchogue.

Clarence Lexow and Lexow, MacKellar & Wells, for Cross Island Traction Co.

Arthur A. Collin and Collin, Wells & Hughes, for Suffolk Traction Co.

T. M. Griffing, for town of Brookhaven.

SCUDDER, J.   On April 1, 1903, the South Shore Traction Company, the plaintiff, obtained consents or franchises from the village of

Patchogue and the town of Brookhaven, respectively, to build a street railway on certain highways. These consents were substantially the same in terms. The consent of the highway commissioners of the town of Brookhaven contained the following provisions:

"(2) This franchise and consent not to be operative until the traction company shall give or cause to be given a bond of sufficient sureties to be approved by said highway commissioners in the penal sum of seven thousand five hundred dollars ($7,500) to indemnify and save-harmless the said town of Brookhaven, and the highway commissioners thereof, from any, and all, damages, costs, actions, claims and demands arising from the construction, maintenance and operation of said railroad up to a period of thirty days after completion of said railway, and for the faithful execution and performance of the terms and conditions upon which this franchise is granted and the provisions of law applicable thereto, and upon the faithful performance of all the provisions and conditions herein contained, then this obligation to be void, otherwise to remain in full force and effect.

"(3) Such railroad shall be completed and in operation, * * * within two years from the date of the granting of this franchise. Otherwise all rights and privileges under this franchise and consent shall cease and determine. * * * *"

The wording of these provisions in the consent of the village of Patchogue is precisely the same, except that in section 2 the words "trustees" and "the village of Patchogue" are inserted in place of the words "highway commissioners" and "the town of Brookhaven."

Under these provisions of the franchise the time within which plaintiff was required to build its road expired April 1, 1905. The time provided in the town franchise was, however, subsequently extended by a resolution of the highway commissioners to October 25, 1906. In July, 1906, the plaintiff commenced its actions against the village of Patchogue and the town of Brookhaven, respectively, in which actions the Suffolk Traction Company was impleaded as a defendant. On August 30, 1906, the plaintiff obtained an order continuing during the pendency of each action an injunction restraining the respective municipal authorities from granting their consent to the construction, maintenance, and operation of a street railway by the defendant, the Suffolk Traction Company. Each of these orders contained a condition that if the plaintiff should fail within 20 days from the entry of the order to file with the clerk of the village in the one case and with the clerk of the town in the other a bond in the penal sum of $7,500 such as was required by the terms of the franchise to plaintiff, the order should be void; but, if the plaintiff should tender to the board of trustees of the village and to the board of highway commissioners, respectively, such a bond, and the respective boards should refuse to approve the same, the injunction order should not be deemed vacated unless an order to that effect should be thereafter entered. An appeal having been taken from each of these orders, both orders were reversed by the Appellate Division. In the opinion of the Appellate Court rendered upon said reversal (South Shore Traction Company v. Town of Brookhaven, 102 N. Y. Supp. 75, not yet officially reported) it is stated that the court reached the conclusion that the consent to the plaintiff never became operative because of the failure of the plaintiff to give the bond as provided in that portion of the consent quoted supra (section 2 of the consent). On September 19, 1906,

the plaintiff filed bonds in the sum of $7,500 with the respective municipalities in compliance inferentially at least with the injunction orders above referred to, which were afterwards reversed on appeal. On the motions now under consideration the plaintiff claims that such filing of the bonds was a compliance with section 2 of the franchise, and seeks to set up the fact of such filing by supplemental complaint in the two actions in which the Suffolk County Traction Company is a defendant. The question whether leave should be granted plaintiff to serve such supplemental complaints will first be considered.

On the appeal from the injunction order previously granted in these actions, it was held that at the time of their commencement the consents to the plaintiff had not become operative because of the failure of the plaintiff to give the required bond, and that, therefore, at that time the village trustees and the highway commissioners, respectively, had a perfect right to grant a consent to another corporation with which the court could not interfere by injunction. South Shore Traction Company v. Town of Brookhaven, supra. The plaintiff, in order to supply the deficiency in the facts upon which its right of action for an injunction depended, has attempted to file the required bond after the commencement of the actions, and now ask leave of the court to be allowed to plead such subsequent filing of the bond for the purpose of showing that at the time of the commencement of the action it had a cause of action. A plaintiff has no right by supplemental complaint to establish a cause of action when none existed at the time when suit is brought. Farmers' Loan & Trust Co. v. United Lines Telegraph Co., 47 Hun, 315; Holly v. Graf, 29 Hun, 443; Banigan v. Village of Nyack, 25 App. Div. 150, 49 N. Y. Supp. 199; Smith v. Bach, 82 App. Div. 608, 81 N. Y. Supp. 1057. It follows that leave to plead the subsequent filing of the bond by supplemental complaint cannot be granted.

The continuation of the injunctions in these actions must also be refused. The right to the injunctions depend on the nature of the actions, and must be granted, if at all, under section 603 of the Code of Civil Procedure. The injunctions which were granted on the facts presented by the original complaints have been reversed. A second application for an injunction on the original complaint is not allowable. There is no supplemental complaint before the court, and leave to serve the proposed supplemental complaint, as we have already seen, cannot be granted. There is consequently no complaint before the court upon which the injunctions sought can be granted. A motion for a temporary injunction can be based only upon a complaint, and cannot be granted upon affidavits. Huntington v. Cortland Home Telephone Co., 62 App. Div. 517, 71 N. Y. Supp. 84; Woodburn v. Hyatt, 34 App. Div. 246, 54 N. Y. Supp. 597; Sanders v. Ader, 26 App. Div. 176, 49 N. Y. Supp. 964; Hudson Valley Railway Co. v. O'Conner, 95 App. Div. 6, 88 N. Y. Supp. 742.

The two actions in which the Cross Island Traction Company is impleaded as a defendant were commenced subsequent to the filing of the bond above referred to. In reference to the filing of these bonds, the complaints in these actions allege:

"That on September 19, 1906, the plaintiff filed with the board of trustees of the village of Patchogue the bond as required by section 2 of the franchise

and consent, dated April 1, 1903, of the board of trustees of the village of Patchogue, [and] that on the 19th day of September, 1906, the plaintiff filed with the board of highway commissioners of the town of Brookhaven the bond· as required by section 2 of the franchise and consent, dated April 1, 1903, of the board of highway commissioners of the town of Brookhaven."

Copies of the bonds are attached to the complaint as exhibits, also copies of the consents of the village and of the highway commissioners.

Unless it appears from the allegations of the complaints that the bonds were given as required by section 2 of the respective consents, the plaintiff is not entitled to a continuation of the injunctions in these actions. The consents require the plaintiff to give a bond "to be approved by said trustees" in the one case, and "to be approved by said highway commissioners" in the other. The complaints do not allege that the bonds filed by plaintiff were approved as required by the consents. It also appears from the complaints that the bonds were not filed until September 19, 1906. No specific time for giving the bonds being mentioned in section 2 of the consents, it is to be presumed that the parties to the contract contemplated that they should be filed within a reasonable time after the date of the consents, April 1, 1903. In any event, the consents must, by necessary implication, be construed as requiring the bonds to be given before the expiration of the two years within which by the terms of the consents the road was to be built, since the bonds were to be security for the performance by plaintiff of all the terms and conditions of the consents, the principal one of which was the completion and operation of the road within two years. Since it does not appear from the complaints in these actions that plaintiff has given a bond as required by section 2 of the consents, the injunctions therein cannot be continued. See authorities last above cited.

The injunctions sought should be refused, moreover, upon the merits, as well as upon the principles governing injunctions pendente lite. The consents of the local authorities are in the nature of franchises or contracts. These consents do not expressly provide that the defendant municipalities shall not grant the right of operating a street railway upon the designated highways to any other corporation than the plaintiff, but plaintiff contends that they must be deemed to contain such negative provisions by necessary implication. It is not necessary to determine the correctness of this contention in order to determine plaintiff's right to injunctive relief. The plaintiff is asking the aid of a court of equity to compel the defendant municipalities, by means of an injunction, to specifically perform the assumed negative provision in the consents. To entitle the plaintiff to a specific performance, or to an injunction which will have the same effect, equity requires that it shall show fulfillment of the agreements on its part. Plaintiff does not show that it has constructed its road within the time prescribed by section 3 of the respective consents; but, on the contrary, it appears that the plaintiff has not yet constructed any portion of its road. Whether or not the failure of plaintiff to· construct its road within the time prescribed by the consents as a matter of law effects a forfeiture of its franchise, the nonperformance by plaintiff of the agreement on its part furnishes a sufficient reason for denying its equitable relief.

Motions denied, with costs.