## SLAUSON and others *vs.* ENGLEHART.

The legislature, in authorizing supplemental answers, by the 177th section of the code, intended to follow the former chancery rule, by which a defendant in that court was not allowed, in his supplemental answer, to contradict the statements in his first answer.

Thus, where, in an action upon a promissory note, the defendant, by his answer, put in issue the making of the note and its delivery by him, as well as its transfer to the plaintiff, and then put in a supplemental answer, setting up as a defense a former suit for the same cause of action and a verdict and judgment in favor of the defendant; *Held* that the judge at the circuit decided correctly in compelling the plaintiff to open the case to the jury, and produce his evidence in support of the action, in the first instance, notwithstanding the matters set up in the supplemental answer.

A former suit, brought by the holder of a promissory note, against the maker, for the consideration for which the note was given, and a verdict and judgment for the defendant therein, is no bar to an action upon the note, by the holder against the maker.

Where the second action involves no inquiry into the merits of the former judgment, and is sustainable on grounds entirely independent of such former judgment, it will not be barred.

THIS action was commenced to recover the amount of a promissory note alleged to have been made by the defendant, payable to the order of one William Goodwin, and by him indorsed to the plaintiffs. Issue was joined by the answer of the defendant, who by it denied all the allegations in the complaint. In October, 1856, upon this issue, the cause was tried and resulted in a verdict for the plaintiffs, which was sustained at special term, but afterwards, in December, 1857, was set aside by the general term, and the cause again noticed for trial at the Monroe circuit, in April 1859, at which time the court gave the defendant leave to serve a supplemental answer, which was done on the 15th day of April, 1859. This answer alleged that after the commencement of this action, the plaintiff commenced another action against the defendant for the same claim, demand and cause of action as that alleged in this action. That issue was joined therein upon the merits, and the same tried in October, 1857, before a jury, who rendered a

Slauson *v.* Englehart.

verdict for the defendant therein, upon which judgment was entered, and that said verdict and judgment are a bar to this action. Upon the trial of the present action at the circuit, in January, 1860, the plaintiffs insisted that the supplemental answer waived the original answer; that the only issue to be tried was that made by the supplemental answer, and that upon that issue the defendant held the affirmative. But the court decided that the supplemental answer did not waive the former, and that the plaintiffs held the affirmative of the issues, and should open the case; to which decision the plaintiffs excepted. The plaintiffs then proved the execution of the note by the defendant, and its transfer before maturity by the payee, to the plaintiffs, in payment for goods purchased by him of them. The defendant's counsel, upon cross-examination, asked the witness: *What was the consideration of that note ?* To this question the plaintiffs' counsel objected, on the ground that the plaintiffs were holders for value, and the defendant could not show the consideration. But the objection was overruled by the court, and the plaintiffs excepted. The defendant, to prove the issue upon the supplemental answer, offered in evidence a judgment roll in an action between the same parties, but which did not contain the verdict of the jury. The plaintiffs' counsel objecting to its admissibility upon this ground, the court directed it to be amended, and received it in evidence. To this the plaintiffs excepted. The defendant's counsel then offered to prove by parol, that the consideration of the note in suit was the sale of the watches and watch hands described in the complaint, forming part of the said judgment roll. To this the plaintiffs' counsel objected; but the objection was overruled, and the plaintiffs excepted. The defendant then introduced the same evidence called forth by him on cross-examination of Goodwin, and the court held it to be sufficient upon the point in question. To this the plaintiffs' counsel excepted. The court thereupon directed the jury to find a verdict for the defendant, upon the ground

that the former judgment was a bar to this action. To which direction the plaintiffs' counsel also excepted. The plaintiffs then requested the court to instruct the jury that upon the issue made by the first or original answer, the plaintiffs were entitled to a verdict; but the court declined so to do, and the plaintiffs excepted. The plaintiffs then requested the court to submit the whole case to the jury upon the evidence; which the court refused to do, and the plaintiffs excepted. The plaintiffs then requested the court to submit the issues made by the first answer to the jury; but the court declined so to do, and the plaintiffs again excepted. The jury, under the direction of the court, found a verdict for the defendant. The court ordered a stay of proceedings for forty days, to enable the plaintiffs to make a case or bill of exceptions, to be heard in the first instance at the general term, and that the judgment in the meantime be suspended.

*George F. Danforth*, for the plaintiffs.

*J. C. Cochrane*, for the defendant.

*By the Court*, JOHNSON, J. The supplemental answer provided for by section 177 of the code is undoubtedly, in one sense, a substitute for the former plea *puis darrien continuance* in actions at law, as claimed by the plaintiffs' counsel. But it is also in the same sense a substitute for the supplemental answer allowed under the former practice in suits in chancery. The general rule in actions at law was, that the plea *puis darrien* was a waiver of all former pleas, and made the only issue to be tried in the action. This was not so, however, when the latter plea was not inconsistent with the former pleas. (*Rayner* v. *Dyett*, 2 *Wend*. 300.) In suits in chancery, on the contrary, a supplemental answer was never regarded as a waiver of the first answer. It was, as its name implied, an addition to the first answer, and in substance and effect an amendment to it. And the defendant, in his supplemental answer, was not allowed to contradict the

statements in his first answer. (1 *Barb. Ch. Pr.* 165, 166, 167.) The legislature, in allowing supplemental complaints and answers, intended, I think, to follow the former chancery rule, and thus chose terms which import something additional or amendatory, to what has gone before. This was substantially so decided by this court in *Dann* v. *Baker*, (12 *How. Pr. R.* 521.)

The judge at the circuit was right, therefore, in compelling the plaintiffs to open their case, and produce their evidence in support of the action in the first instance, inasmuch as the answer put in issue the making of the note and its delivery by the defendant, as well as its transfer to the plaintiffs.

The plaintiffs, as appears by the case, then proved the making and delivery of the note by the defendant, and its transfer in the usual course of trade to themselves before maturity. This evidence was not controverted by the defendant in any particular. The defendant in effect conceding that he had executed and delivered the note in question, and as part of his evidence, he proved that the note was given in consideration of the sale of a quantity of watches and watch hands, by one Goodwin to him, which had been charged in account, and that the same account, after the commencement of this action, had been assigned by Goodwin to the plaintiffs and was contained in the judgment roll, which the defendant introduced as evidence on his part. Thus the case stood upon the issues made by the original answer. There was no dispute about the fact that the defendant had executed and delivered the note, nor that the plaintiffs were *bona fide* holders. This brings us to the consideration of the important question in the case, to wit, whether the former action and judgment upon the account constitutes a bar, as against the plaintiffs, to the maintainance by them of their action upon the note. It appears by the record that the plaintiffs were defeated in the action brought to recover the account. There has been, therefore, no former recovery, of the consideration of the note, to bar the action. That action was not upon this note, but

upon the account which now, confessedly, according to the theory upon which this action has been tried, was the consideration upon which this note was actually given. How then does the defeat of the plaintiffs in their action to recover upon that account, bar their right of action to recover upon the note? If they had recovered in their action upon the account, we can readily see how it might have operated as a bar. As assignees, the plaintiffs took the account subject to all the equities between the original parties, and subject to its *sub modo* payment, by the giving of the note. The acceptance of payment, therefore, by the plaintiffs, or enforcing its collection by action, while holding the note, would, I apprehend, as matter of law, operate to pay and extinguish the note. But the plaintiffs failed entirely to obtain satisfaction of their debt, by their action upon the account. This the record established conclusively. It established also, conclusively, that the plaintiffs had no right of action upon the account. But did it establish, as matter of law, that the plaintiffs had no right of action upon the note? Clearly not. Suppose, as appears from the record, that the plaintiffs were defeated in that action, on the ground that there was no such transaction as the alleged sale, and no account in fact between Goodwin and the defendant, at any time. How would this affect the note, in the hands of *bona fide* holders? The note, it is quite obvious, might be entirely good in such hands, even if it had no consideration. A judgment, to the effect that the account was a mere pretended claim, and never had any validity, would not prove conclusively, even if it tended to prove, that the note was never executed and delivered. Indeed, as has been before remarked, the execution and delivery of the note, by the defendant, seem not to have been disputed upon this trial. A judgment, to constitute a bar, must, as all the cases agree, be upon the very point in issue. Both actions must be in substance and in point of law identical, and the same evidence admissible, and to some extent controlling in both. (*Miller* v. *Manice*, 6 *Hill*, 114.

Slauson *v.* Englehart.

1 *Smith's Lead. Cas. n.* 443, 545. *C. & H. Notes,* 832, 833, 834.) But if the second action involves no inquiry into the merits of the former judgment, and is sustainable on grounds entirely independent of such former judgment, it is not barred. That is precisely the case here. The trial of the former action involved the inquiry whether there ever was in fact any such transaction or account between Goodwin and the defendant as the plaintiffs alleged in their complaint, and the verdict and judgment determined that issue conclusively in the defendant's favor. The only material inquiries in this action were—1st, whether the defendant made and delivered the note to Goodwin; and 2d, whether the plaintiffs took it in the usual course of deal before it fell due. If this was so, it was wholly immaterial, so far as the rights of the plaintiffs were concerned, whether there was ever any bargain and sale, or any subsisting account, between Goodwin and the defendant or not. The point determined by the judgment was wholly immaterial, upon either of these issues, and was incompetent evidence to establish a bar.

It is not claimed on the part of the defendant that the plaintiffs, by taking an assignment of the account and attempting to collect it, have waived any of their rights, as *bona fide* holders of the note, and placed themselves in the same situation in respect to it that Goodwin, the payee, would have occupied had he been plaintiff; nor do I see any ground upon which the assignment and action could produce any such legal result. The defense rests simply upon the estoppel, by the record of the former judgment, and as this created no estoppel, and the evidence, independent of it, made out a clear case for the plaintiffs, a verdict should have been ordered in their favor instead of for the defendants. There must therefore be a new trial, with costs to abide the event.

[MONROE GENERAL TERM, March 4, 1861. *Smith, Knox* and *Johnson,* Justices.]