FREDERICK H. SMITH, Respondent, *v.* THE CITY OF ATHENS in the State of Georgia, Appellant, Impleaded with THE EQUITABLE MORTGAGE COMPANY and Others, Defendants.

*Amendment of answer — attacking the execution of a contract originally admitted.*

When a defendant has interposed an answer admitting the due execution of a contract set forth in the complaint and joining issue on the merits, he is to be deemed to have elected to waive defects in the execution of the contract which, if they existed, must have been known to him, and he should not thereafter be allowed to amend his answer so as to set up such defects and the consequent invalidity of the contract.

APPEAL by the defendant, The City of Athens in the State of Georgia, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of Kings county on the 21st day of June, 1893, denying its motion for leave to amend its answer.

The action was brought by the plaintiff, claiming to be the owner and holder of seven bonds of the par value of $7,000 of the Athens City Water Works Company, part of an issue of $125,000 of bonds; to restrain the defendants from issuing and disposing of certain bonds of the city of Athens, Georgia, to the amount of $125,000, on the alleged ground that the city had violated a contract for its water supply in course of performance by the Athens City Water Works. Company, and in connection with which the first above-named issue of bonds was made, and had undertaken the construction of another system of water works; and, to provide the means for such construction, was about to issue and negotiate a series of bonds to the amount of $125,000.

The main defendant and the sole defendant answering to the merits was the city of Athens, a municipal corporation existing under the Constitution and laws of Georgia. By its answer the city of Athens admitted the execution of the contract set forth in the complaint, but denied the material allegations of the complaint as to the alleged performance by the Athens City Water Works Company, of the contract, and averred a breach of the said contract by the water works company, whereby the city and its citizens were deprived of wholesome water fit for domestic use and sufficient for protection against fire, and claimed that the erection of new water works was a public necessity rendered indispensable in consequence of said breach of said contract.

After issue joined, March 30, 1893, application was made to the court at Special Term, at Chambers, June 17, 1893, for leave to amend the answer by inserting therein the following allegation:

"*Fourteenth.* For a further separate and distinct defense to the alleged cause of action set forth in the said complaint, in addition to and herein repeating the several foregoing allegations, admissions and denials, the said answering defendant alleges, upon information and belief, that the said contracts and the incurring of the debt as therein provided, on the part of this answering defendant, did not have the assent of two-thirds of the qualified voters of said city of Athens, Georgia, at an election for that purpose held as prescribed by the laws of Georgia, and that such assent and popular vote were, at the time of the making of such contracts, and ever since have been and now are, required by the Constitution and law of the State

·of Georgia, and were then and still are essential to the entire validity of said contracts, and that such contracts were and are invalid in any event, under and pursuant to such Constitution and law, for ,any longer period than one year."

This application for leave to amend the answer was denied, and from the order of denial this appeal was taken.

*Wm. Allen Butler* and *John Notman*, for the appellant.

*John Sabine Smith*, for the respondent.

PRATT, J. :

The order denying leave to amend the answer was discretionary ,and the discretion was wisely exercised.

The answer expressly admits the due execution of the contract. The alleged defects in the execution of the contract, if they exist, must have been well known to appellant when the answer was interposed. If they existed, the appellant clearly elected to waive them and defend the action upon the merits. To such election it ,should be held. To allow it first to admit and then, after reflection, to deny facts upon which the rights of parties rest, would not be in furtherance of justice.

Various other considerations, which need not be stated at length, ,sustain the order appealed from.

Order denying leave to amend answer affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Order affirmed, with costs and disbursements.