THE NATIONAL PIPE BENDING COMPANY, Respondent, *v.* GEORGE E. FISHER, Appellant.

*Amendment of pleadings — terms imposed — relief not refused because of an offer of settlement — denial in the amended, of a contract admitted in the original, answer.*

The Supreme Court has the power to permit the amendment either of a complaint or an answer, and the practice has been to exercise such power liberally in furtherance of justice, so as to permit either a fuller statement of the cause of action, or the opportunity to make a proper defense, and when the application is made in good faith, without delay, an amendment should be allowed on such terms as are just.

It is within the power of the court to fix, as one of the conditions for the granting of a motion made to permit a party to an action to serve an amended pleading therein, that such party should stipulate to try the cause when reached upon the day fixed by the adverse party.

Courts, while favoring the settlement of actions, will not seize hold of an offer of settlement, and because of it refuse to grant relief which, but for such offer, would be granted.

The answer in an action seemingly admitted the existence of the contract alleged in the complaint. The defendant subsequently moved for leave to serve an amended answer, setting up facts in avoidance of the contract, on the ground that the original answer was drawn and verified by the defendant's attorney in the absence of the defendant, upon insufficient information and without full opportunity to consult with the defendant as to his defense. Upon an appeal

from the order denying the defendant's motion for leave to serve an amended answer,

*Held,* that the rule forbidding a party who has admitted a contract, to subsequently set up facts in avoidance, should not be so strictly enforced as to impair the power of the court to permit an amendment, where the amendment sought is not based upon a mere matter of technical defect in the execution of the contract, but goes to the denial of the contract itself.

APPEAL by the defendant, George E. Fisher, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of April, 1895, denying the defendant's motion for leave to serve an amended answer.

*O. P. Buel,* for the appellant.

*Frederic R. Kellogg,* for the respondent.

O'BRIEN, J.:

The action is brought to recover the value of certain goods, wares and merchandise and certain services furnished and rendered upon the express promise of the defendant to pay therefor. From the complaint it appears that the order for the goods was originally received by the plaintiff from one A. Perry Bliven, but that prior to the acceptance of the order and the manufacture and delivery of the goods, the plaintiff required the express promise or guaranty of the defendant that he would pay the plaintiff therefor, and that thereupon the defendant did so agree. The answer denied that the goods were made in reliance on defendant's promise, or that they were to the satisfaction of Bliven, but seemingly admitted the statements as to the promise of the defendant that he would pay for the goods, and as to the requirement by the plaintiff of this promise before it would accept the order for or manufacture them. The difference between this and the proposed amended answer, would result, as urged by the plaintiff, in permitting the defendant to change his admission of the contract set forth into a denial of it in its entirety, and would permit him further to amplify the affirmative defense by alleging that a party other than Bliven was the purchaser, and that the purchase was made, not from plaintiff, but from another company.

There is no question as to the power of the court to allow the amendment either of a complaint or answer, and the practice has been to exercise such power liberally when in furtherance of justice, so as to permit either a fuller statement of a cause of action or an opportunity to make a proper defense; and, when the application is made in good faith without delay, an amendment should be allowed upon such terms as to the other party are just. Here the complaint was served on November 16, 1894, and the original answer in January, 1895. Shortly after the last date the case was set down for trial on the special calendar for short causes on March 22, 1895. The original answer was drawn and verified by one of the defendant's attorneys during the absence of the defendant from the city, and, as he swears, without full opportunity to consult with the defendant as to his defense, such opportunity having been presented only on the twenty-first of March, when the defendant came to the city to attend the trial of the case. The trial, which was set down for the twenty-second of March, was adjourned at plaintiff's request to the second Friday of April, and thereupon the plaintiff's attorneys were immediately requested to accept service of the amended answer, which was refused, and the motion was made for the twenty-ninth of March for leave to serve the proposed amended answer. The attorney, in the affidavit in support of the motion, states how the original answer failed definitely to set forth the defense, and that the failure to move earlier was due to the defendant's absence from the city, and we have his sworn statement that the application was not made for the purpose of delay. The motion was opposed, and we must presume upon the same grounds that are urged upon this appeal, viz., that the defendant had been guilty of *laches;* that the application was not made in good faith, and that the defendant should not be permitted, after admitting the contract, to set up facts in avoidance thereof.

We can find no evidence upon the facts here presented, either of *laches* or want of good faith in making the application. The delay that occurred is fully explained and is uncontradicted, and the suggestion that the application was made to obtain delay or to have the case consume more than an hour is met by the sworn statement that no delay of the trial was asked or expected, and it was within the power

of the court to affix, as one of the conditions for the granting of the motion, that the defendant should stipulate to try the case when reached upon the day fixed by the plaintiff. The strongest argument to support the claim of bad faith is in the suggestion that the defendant made an offer to pay something in settlement of a liability upon a contract which, by the proposed amended answer, is denied. And while this is not without force, we think it would be going too far to hold that where one desiring to buy his peace or for any other reason may make an offer, this can be subsequently resorted to to prevent his obtaining relief which otherwise he would be entitled to. In other words, the court, while favoring settlements, should not seize hold of an offer, and, because of it, refuse to grant relief which but for such offer would have been accorded.

As to the third objection urged, that a party who has admitted a contract should not be permitted subsequently to set up facts in avoidance, it is sufficient to say that if this rule were to be strictly adhered to it might impair the right of the court to permit an amendment, for unless it is necessary in some respects to change the pleading there would be no need to apply for an amendment. It is true that in *Smith* v. *City of Athens* (74 Hun, 26), where the answer expressly admitted the execution of the contract, and where it was sought to amend by setting up certain defects in the execution thereof by the amended answer, the court in affirming the order of the Special Term refusing to permit such amendment said : " The alleged defects in the execution of the contract, if they exist, must have been well known to appellant when the answer was interposed. If they existed the appellant clearly elected to waive them and defend the action upon the merits. To such election it should be held. To allow it first to admit and then after reflection to deny facts upon which the rights of parties rest, would not be in furtherance of justice." This case, however, differs from the one cited in that the original answer, upon insufficient information, was interposed by the defendant through his attorney, it having been verified by such attorney in the absence of the defendant himself, and the amendment sought, unlike that in the case cited, is not upon a mere matter of technical defect in the execution of the contract, but goes to the denial of the contract itself.

We think that the application was one which, upon terms that

were just, should have been granted. The order is accordingly reversed, with ten dollars costs and disbursements, and the application granted upon the condition that the defendant pay all the costs of the action up to the time of the application and stipulate to try the case when reached on the short cause calendar.

Van Brunt, P. J., and Parker, J., concurred.

Order reversed, with ten dollars costs and disbursements, and application granted on terms stated in opinion.

