## KIRBY v. MUENCH *et al.*

Under Comp. Laws, § 4942, providing that a supplemental complaint may be filed alleging "facts material to the case, occurring after the former complaint," where a plaintiff sued to subject property formerly owned by his debtor to the satisfaction of judgments previously obtained against him, alleging the property had been fraudulently conveyed, it was not error to allow plaintiff to file a supplemental complaint setting up additional judgments obtained subsequent to the filing of the original complaint; since the primary purpose of the action was to determine whether the property was fraudulently conveyed, and hence subject to the debts, and not the amount of such debts.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Joe Kirby against Peter Muench and others, to subject certain realty to the payment of a judgment. From an order granting plaintiff leave to file a supplemental complaint, defendants appeal. Affirmed.

*James Ballantyne* and *C. G. Hartley*, for appellants.

*Joe Kirby* and *Rochford & McMahon*, for respondent.

HANEY, J. This action was commenced for the purpose of subjecting certain realty, the record title to which is in defendant Christina Bridge, to the payment of a judgment against defendant Peter Muench. The complaint was served with the summons, and contained the usual allegations where it is charged that property has been conveyed with intent to hinder, delay, and defraud creditors. Before the time to answer had expired, plaintiff noticed a motion for leave to serve a supplemental complaint, alleging the procurement, subsequent

to the commencement of this action, of three additional judgments against defendant Muench. Defendants appealed from the order granting this motion.

In this state the old rule in equity respecting supplemental pleadings has been enacted into law, and made applicable to all civil actions. The statute provides: "The plaintiff and defendant respectively, may be allowed, on motion, to make a supplemental complaint, answer, or reply, alleging facts material to the case, occurring after the former complaint, answer, or reply, or of which the party was ignorant when his former pleading was made." Comp. Laws, § 4942. Mr. Justice HARLAN, speaking for the United States supreme court, says: "In reference to amendments of equity pleadings the courts have found it impracticable to lay down a rule that would govern all cases. Their allowance must, at every stage of the cause, rest in the discretion of the court; and that discretion must depend largely on the special circumstances of each case. It may be said, generally, that, in passing upon applications to amend, the ends of justice should never be sacrificed to mere form, or by too rigid an adherence to technical rules of practice. Undoubtedly, great caution should be exercised where the application comes after the litigation has continued for some time, or when the granting of it would cause serious inconvenience or expense to the opposite side. And an amendment should rarely, if ever, be permitted where it would materially change the very substance of the case made by the bill, and to which the parties have directed their proofs." Hardin v. Boyd, 113 U. S. 756, 5 Sup. Ct. 771, 28 L. Ed. 1141. Ordinarily, a new and independent cause of action cannot be alleged in a supplemental complaint, nor can such a pleading supply a cause of action

where none existed when the suit was begun, but it may con-
tain, in the words of the statute, "facts material to the case,
occurring after the former complaint" was made. The primary
purpose of this action is to determine whether certain property
shall be subjected to the payment of Muench's debts. The
amount of such debts is merely incidental to the main ob-
ject of the litigation. The only change in the issues and relief
sought made by the proposed amdendments is to increase the
amount of plaintiff' claim in the event of his proving that the
conveyances involved were made with improper intent. Surely,
defendants should not complain if all of plaintiff's claims are in-
cluded in one action, and the expenses of separate suits for the
same purpose are thus avoided; especially where the amend-
ments are made before they are required to answer. The
order appealed from is affirmed.