## MURPHY V. PLANKINTON BANK *et al.*

1. Leave to amend pleadings is largely within the judicial discretion of the trial court, and its rulings thereon will not be reversed on appeal except in case of abuse of discretion.

2. Since a defendant is ordinarily required to present all of his defenses at the time he files his answer, while the plaintiff has power to dismiss without prejudice, greater liberality should be exercised in allowing a defendant to amend his answer than in permitting a plaintiff to amend his complaint.

3. Rev. Code Civ. Proc. § 150, provides that the court may, before or after judgment, in the furtherance of justice, and on such terms as may be proper, amend any pleading by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to proof, etc. Section 154 declares that the plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint, answer, or reply, alleging facts material to the case occurring after the former complaint, answer, or reply, or of which the party was ignorant when his former pleading was made. Held, that such sections should be construed together, and that facts occurring prior to the filing of an original answer, and not pleaded therein, should be pleaded by way of amendment to the answer, and not by a supplemental answer, notwithstanding such facts may not have been known at the time the original answer was filed; it being sought to substitute a new pleading for the former, and not merely as supplemental thereto.

4. Rev. Code Civ. Proc. § 150, provides that the court may, before or after judgment, in the futherance of justice, amend any pleading by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleadings or proceedings to the facts proved, or to the facts in support of which proof is offered. Held, that the limitation that the amendment should not substantially change the claim or defense applied only to a trial amendment to conform to the proofs, and did not preclude the amendment of an answer before trial substantially changing the defense.

5. In an action to determine an adverse claim to real property, under Rev. Code Civ. Pro. § 675, providing that an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining the same, defendant was entitled to claim affirmative relief by way of reformation of a mistake in the description of a quitclaim deed to the land, and to have the same foreclosed as a mortgage.

6. That defendant had knowledge of facts sought to be set up by way of amended answer at the time its original answer was filed, from which such facts were omitted by inadvertence, mistake, or excusable neglect, was not a valid objection to its right to amend.

(Opinion filed July 13, 1904.)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Action by Mary C. Murphy against the Plankinton Bank and William E. Plankinton, as assignee thereof. From an order granting defendants leave to serve and file an amended answer, plaintiff appeals. Affirmed.

*Grigsby & Grigsby* and *Davis, Lyon & Gates*, for appellant.

*Kittredge, Winans & Scott*, for respondents.

CORSON, P. J.  This is an order granting to the defendants leave to serve and file an amended answer.  The action was commenced in January, 1898, and was instituted to quiet title to certain lands described in the complaint.  The action was tried in January, 1899, resulting in findings and judgment in favor of the defendants.  On an appeal to this court the case was reversed, and a new trial ordered.  The remittitur from this court was sent down to the circuit court in April, 1902.  In February, 1903, the defendants, on motion, obtained the order appealed from, permitting the filing and substitution of the amended answer.  In the original answer of the defend-

ants, they denied the plaintiff's claim of title and ownership, and alleged that the Plankinton Bank, a corporation, was the owner in fee of the property described in the complaint. The amendment to the answer filed by leave of the circuit court withdraws the defendants' claim of fee simple title, alleges as a new defense that the plaintiff obtained the title without consideration, and by virtue of an assignment of a sheriff's certificate of sale upon a judgment obtained by Melvin Grigsby against Frederick T. Day, and that on March 1, 1893, long prior to such judgment and sale thereunder, said Grigsby had assigned his claims against the said Day to the defendant bank as collateral security to a promissory note given by the said Grigsby to the defendant bank for a sum upwards of $7,000, and that the defendant bank is still the owner and holder of the said claims, and by virtue thereof a holder of a lien upon the property superior to the title of the plaintiff, and that the plaintiff holds the lands in trust for the defendants; and by way of counterclaim the defendants allege that the said bank has a mortgage lien upon the premises described in the complaint, and asks that the said mortgage be reformed so as to include the property described in the complaint, and the same foreclosed.

In order to fully understand the questions involved on this appeal, a brief statement of the facts will be necessary. The action is one of a number growing out of an attachment suit instituted by Melvin Grigsby against Frederick T. Day in 1893. It is disclosed by the affidavits filed in support of the defendants' application for leave to amend that said Day in the spring of 1893, and for some time prior thereto, was president of the Plankinton Bank, a corporation engaged in the banking busi-

ness in the city of Milwaukee, Wis.; that about that time Day, being largely indebted to the bank, transferred a large amount of property to it, including the lands in controversy in this action and other lands in South Dakota, by quitclaim deed, which deed was given and intended as a mortgage to secure the indebtedness of Day to the bank. Soon thereafter the bank made an assignment for the benefit of its creditors. Melvin Grigsby, who was connected with Day in loaning money and purchasing lands in South Dakota, claiming that Day was indebted to him in the sum of about $30,000, instituted the attachment proceedings above referred to against Day, which resulted in a judgment in favor of Grigsby for about $21,000, upon which the lands in controversy, and other lands in this state, standing in the name of Day, were sold, and deeds executed to the assignee of the certificates of sale. For a full and detailed account of the facts showing the nature of the transaction, see Grigsby v. Day, 9 S. D. 585, 70 N. W. 881; Murphy v. Plankinton Bank, 13 S. D. 501, 83 N. W. 575; Lyon v. Plankinton Bank, 15 S. D. 400, 89 N. W. 1017.

On the trial of the case at bar the court found that the quitclaim deed executed by Day and wife to the Plankinton Bank was given and intended as a mortgage to secure the payment of an indebtedness of Day to the bank in excess of $175,-000, and that the lands described in the complaint were subject to this mortgage, which constituted a prior lien thereon. The case on appeal to this court was reversed upon grounds not material now to be noticed. It will be observed that in the amended answer the defendants have abandoned their claim of title in fee simple to the property, and claim that the bank had a lien upon the same by virtue of the mortgage, and by virtue

of the assignment of Grigsby of his claims against Day to the bank to secure the note given by him to it, and that the bank sets up, its mortgage from Day, and asks a foreclosure of the same in this action, and also asks to have the quitclaim deed to the property executed by Day and wife to the bank reformed.

It is contended by the appellent that the court erred in granting leave to file the amended answer, for the reason (1) that the application to amend was not made within time, and is not in futherance of justice; (2) that it appears from the affidavits on the part of the defendants that they were ignorant of the new matter alleged as a defense at the time the former answer was filed, and that therefore such matter could only be set up by way of a supplemental answer; (3) that it appears that the proposed amendments to the said answer will substantially change the nature of the defendants' defense as to the material facts interposed by them at the former trial, and that the defense proposed by such amendments is substantially in conflict with the defense interposed by the original answer; (4) that the said proposed amended answer does not state facts sufficient to constitute a defense to the cause of action set out in the plaintiff's complaint, and that the pretended counterclaim therein attempted to be set up is not permissible, within the terms of section 675 of the Revised Code of Civil Procedure; (5) that it appears from such amended answer that no new fact is alleged which was not well known to the defendants at the time the original answer was filed, as shown by the affidavits and exhibits on the part of the plaintiff; (6) that the matter of the assignment of the claims of Melvin Grigsby to the bank as security for the payment of the note was fully determined in the circuit court of Minnehaha county in the action of

William Plankinton, as assignee for the benefit of the creditors of the bank, against Melvin Grigsby, and that the issue so litigated and determined in the said action cannot be collaterally attacked and determined in this action, and that the alleged mortgage of Day and wife to the Plankinton Bank cannot be foreclosed on the part of the bank in this action, and hence that the amendment permitting the lien of the said mortgage to be set up as a counterclaim does not constitute a proper amendment to the answer in this action.

It may be stated as a general proposition that, under the reformed system of pleading in this state; the granting of leave to amend the pleadings in an action is largely in the sound judicial discretion of the trial court, and its rulings thereon will only be reversed in case of abuse of such discretion. The theory of the reformed system of pleading is that the case should be tried and disposed of, as far as possible, upon the merits, and that, when justice requires an amendment of the pleadings in order to fully present the issues, the court should exercise its discretion liberally in granting such amendment. 1 Ency. P. & P. pp 516, 525. Amendments to answers are especially favored, and greater liberality will be exercised in allowing a defendant to amend his answer, than in permitting a plaintiff to amend his complaint. 1 Ency. P. & P. p. 518.

We are of the opinion that the delay in making the application for leave to amend was fully excused by the defendants, and that the court committed no error in holding that the application was made within the proper time, in view of all the circumstances connected with the case.

The second contention, that instead of an amended answer the amendment should have been by way of a supplemental

answer, presents a question of some difficulty, in view of the provisions of section 154 of the Revised Code of Civil Procedure, as it was clearly stated in the defendants' application for leave to amend that the facts constituting the basis of the amended answer were unknown to the defendants at the time the former answer was filed. Section 154 of the Revised Code of Civil Procedure reads as follows: "The plaintiff and defendant respectively may be allowed, on motion, to make a supplemental complaint, anwser, or reply, alleging facts material to the case, occurring after the former complaint, answer, or reply, or of which the party was ignorant when his former pleading was made." It will be noticed by this section that the defendant is allowed to make a supplemental answer alleging facts material to the case occurring after the former answer, or of which the party was ignorant when his former pleading was filed. The general rule is that no material fact which has occurred since the filing of the original plea can be introduced in an amended plea, and the party can avail himself of such fact only by filing a supplemental plea. But matter which existed at the time the plea was filed, but which was omitted by ignorance or mistake, is a proper subject for amendment. 1 Ency. P. & P. p. 471. The last clause of the section referred to seems to be in conflict with the general rule, and precisely what the lawmaking power intended by this section is difficult to determine. This section was evidently copied from section 177 of the old Code of New York, which was construed in the case of Slauson v. Englehart, 34 Barb. 198. In that case the Supreme Court of New York used the following language: "The supplemental answer provided for by section 177 of the Code is undoubtedly, in one sense, a substitute for

the former plea puis darrein continuance in actions at common law, as claimed by the plaintiff's counsel. But it is also in the same sense a substitute for the supplemental answer allowed under the former practice in suits in chancery. The general rule in actions at law was that the plea puis darrein was a waiver of all former pleas, and made the only issue to be tried in the action. This was not so, however, when the latter plea was not inconsistent with the former pleas. Rayner v. Dyett, 2 Wend. 300. In suits in chancery, on the contrary, a supplemental answer was never regarded as a waiver of the first answer. It was, as its name implied, an addition to the first answer, and, in substance and effect, an amendment to it.  *  *  * The Legislature, in allowing the supplemental complaint and answers, intended, I think, to follow the former chancery rule, and thus choose terms which import something additional or amendatory to what has gone before. This was substantially so decided by this court in Dann v. Baker, 12 How. Prac. 521." It would seem from that opinion that the supplemental answer referred to in the last clause of that section is in the nature of an amended rather than a supplemental answer, as that term is generally understood. In a similar section in the California Code, the last clause of the section we are considering is omitted. Section 464, Code Civil Proc. Cal. We are inclined to take the view that section 150, Rev. Code Civ. Proc. should be construed in connection with section 154, and that an answer in which it is sought to plead facts occurring prior to the filing of the original pleading should be by way of amendment, notwithstanding the facts may not have been known at the time to the party filing the original pleading, when it is sought to substitute a new pleading for the former pleading, and not as

supplemental thereto, as explained by the court in Slauson v: Englehart, supra. This decision having been made before the section was adopted in this state, the interpretation of the same is presumed to have been adopted with the section. In the case at bar, defendants, by their amended pleading, intended to supercede the former pleading and substitute the amended answer in place thereof. Taking this view of the section, we think the court committed no error in ruling that the form of the pleading was regular, and especially so in this case, as the appellant contends that it was shown that the defendants did have knowledge of all the facts at the time they filed their original answer.

The third contention that the proposed amendment to the said answer would change the nature of the defendants' defense, and conflicts with the facts interposed at the former trial, is untenable. By section 150 it is provided the court may, before or after judgment, in furtherance of justice, amend any pleading by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved, or to the facts in support of which proof is offered. The limitation as to not changing substantially the claim or defense is when the amendment is made on or after the trial by conforming the pleading or proceedings to facts proven, or to facts in support of which proof is offered. It follows that, when a pleading is amended prior to the trial, the amendment may change substantially the claim or defense. In Hall v. Woodward, 30 S. C. 564, 9 S. E. 684, the Supreme Court of South Carolina says: "The third exception is that the motion to amend was improperly granted, because by the pro-

posed amendment the defendant is allowed to change his defense. Section 194 of the Code reads as follows: 'The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process, or proceeding by adding or striking out the name of any party, or a mistake in any other respect, or by inserting any other allegation material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.' It is very obvious that the power to amend conferred by this section is very broad, though not entirely unlimited; and the appellant, by this exception, contends that one of these limitations is that 'the claim or defense' shall not be substantially changed by an amendment. It seems to us, however, that this limitation applies only to cases where an amendment is applied for during or after the trial. * * * This is shown by the language used in the latter part of this section, where the limitation is found 'by conforming the pleading or proceeding to the facts proved,' showing clearly that it is confined to applications for amendment during or after the trial, for then only could it be ascertained what facts were proved to which the pleading can be made to conform. The reason for the distinction is manifest, for, where a party has come prepared to meet a certain claim or defense, it would be clearly unjust to permit such claim or defense to be changed substantially in the midst of the trial or after it is concluded, though there would be no injustice in permitting an amendment which made no substantial change in the claim or defense, but simply supplied some formal matter which did not go to the merits of the issue which had been or is being tried. But this would not apply to an amendment

made before trial, for there the amendment can operate no surprise, as the other party, if he moves for it, can always obtain time to answer such amendment." It will be observed that the section quoted in the opinion in the above case is a copy of section 150 of the Revised Code of Civil Procedure of this state, and the construction given to that section meets with our approval. The ruling in Kirby v. Muench, 12 S. D. 616, 82 N. W. 93, was in a case in which the plaintiff sought to file a supplemental complaint, and hence what is said in that opinion relates to those facts, and is not in conflict with this decision. But as we have seen, a more liberal rule applies in case of an amendment by the defendant, and the reason given is that the plaintiff may dismiss his action and commence a new one, while the defendant is compelled to set up all of his defenses in the action in order to protect himself against the claims of the plaintiff. National Pipe Bending Co. v. Fisher (Sup.), 33 N. Y. Supp. 1035; Marx v. Gross (Super. N. Y.), 9 N. Y. Supp. 719; Brayton v. Jones, 5 Wis. 117; Brown v. Bosworth, 58 Wis. 379, 17 N. W. 241.

The fourth contention of the appellant, which is, in substance, that the defendants' alleged mortgage lien cannot be foreclosed in this action, is untenable. The action, as before stated, was instituted under the provisions of section 675 of the Code of Civil Procedure, which reads as follows: "An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." It is contended by the appellant that under a similar section it has been held by the Supreme Courts of Minnesota and North Dakota that liens upon property cannot be adjudicated in an action brought

thereunder, and they call our attention to the cases of Bidwell v. Weeb, 10 Minn. 59 (Gil. 41), 83 Am. Dec. 56, and Powers v. Bowdle, 3 N. D. 111, 54 N. W. 404, 21 L. R. A. 328, 44 Am. St. Rep. 511. But this court, in Clark v. Darlington, 7 S. D. 148, 63 N. W. 771, 58 Am. St. Rep. 835, after a review of the authorities, arrived at a different conclusion, and gave to the section what seemed to this court to be a more liberal interpretation, and one more consistent with the intention of the Legislature in the enactment of the section. It seems to be the object of the Code system of pleading to as far as possible settle controversies between litigants in one action, and we discover no reason why a defendant who is called upon to present his claim should not have the right in the same action to foreclose his lien, which he may assert against the plaintiff in the action in the form of a counterclaim. It is true there are cases in which the assertion of a counterclaim involving the foreclosure of a mortgage or other lien might be productive of some inconvenience, by reason of the want of proper parties to the action; but in such a case the trial court could in its decree protect the rights of all persons who have not been made parties to the action. To hold that the trial court, after asserting that a party has a lien upon the property, can proceed no further, and enforce such lien as against the plaintiff, would be to disregard both the spirit and the language of the Code. We are of the opinion, therefore, that the trial court committed no error in allowing the defendants to amend their answer in such manner as to enable them to correct the description of the property in the quitclaim deed, if there was a mistake in such description, and to allow the defendants to foreclose the same as a mortgage, as against the plaintiff, if their quitclaim deed was in fact intended to be a mortgage.

The fifth contention that no new facts were alleged which were not known at the time the original answer was filed, we shall not discuss, as, in our view of the case, it is not material whether the facts were known or not known at the time the original answer was filed. While ordinarily it is the duty of the defendant to present all the defenses which he may have to an action at the time he files his answer in the same, yet if, by inadvertence, mistake, or excusable neglect, he omits to so present them, the court will relieve him from such mistake upon such terms as it may deem just, by allowing him to amend his pleadings, when justice requires such amendment.

The sixth and last contention of the appellant, that the assignment by Grigsby of his interest in the property standing in the name of Day to the bank in March, 1893, contains no defense in this action, for the reason that that question has been determined in another action, is a matter that can properly be disposed of by a proper reply and evidence at the trial. Upon the last part of the contention—that the mortgage cannot be properly foreclosed in this action—we have already expressed our views, holding that the counterclaim can properly be interposed by an amended answer.

After a careful review of the amended pleading allowed by the trial court, we cannot say that it abused its discretion by allowing the same, and the order appealed from is affirmed.