## MURPHY v. PLANKINTON BANK et al.

. In an action to quiet title, instituted in 1898, defendant claimed fee-simple ownership under a quitclaim deed, dated May 24, 1893, which he ought to have known was intended to operate as a mortgage. In March, 1902, a judgment for defendant was reversed, and a new trial ordered, because of the court's failure to find whether the instrument was fraudulent as against creditors. *Held*, that defendant was not entitled to amend his answer, under an order obtained in February, 1903, so as to pray for the foreclosure of the quitclaim deed as a mortgage.

(Opinion filed, Nov. 1, 1905.)   .

Hon. JOSEPH W. JONES, Judge.

On rehearing. Former opinion modified, and order below modified.

For former opinion, see 18 S. D. 317, 100 N. W. 614.

*Grigsby & Grigsby* and *Davis, Lyon & Gates* (*Aikens & Judge, of counsel*), for appellant. *Rogde & Winans,* (*James F. Trottman* and *James G. Flanders, of counsel*), for respondents.

FULLER, P. J. This appeal now before us on rehearing is from an order granting defendants leave to serve and file an amended answer and counterclaim to the complaint in an action instituted in January, 1898, to quiet title to 1200 acres of land in Minnehaha county. As all the facts and circumstances pertaining to this and a number of similar cases submitted herewith on appeal and arising from the same transactions are fully stated in Murphy v. Plankinton Bank, 13 S. D. 501; Lyon v. Plankinton Bank, 15 S. D. 400, and recapitulated in our former decision of this appeal reported in 18 S. D. 317, 100 N. W. 614, no facts need now be stated other than such as are deemed essential to the inquiry whether the order granting the amendment is within judicial discretion. In their original answer and throughout all litigation in the circuit court and on appeal previous to the amendment, the defendants claimed fee-simple ownership under a quitclaim deed from Frederick T. Day and wife bearing date May 24th, 1893, which they always knew or ought to have known, was given under suspicious circumstances to secure an existing indebtedness to the defendant bank and intended to operate as a mortgage. It was so determined from the undisputed evidence admitted at the trial without objection and concurred in

on appeal to this court as early as March 1st, 1902, when a judgment in favor of the defendants was reversed and a new trial ordered for the sole reason that the court below failed to find whether such instrument was made with an intent to delay or defraud creditors. Lyon v. Plankinton Bank, supra.

Concerning what was done after the remittitur from this court was transmitted to the court below we deem it convenient to quote from the opinion, now receiving renewed consideration as follows: "In February, 1903, the defendants, on motion, obtained the order appealed from, permitting the filing and substitution of the amended answer. In the original answer of the defendants, they denied the plaintiff's claim of title and ownership, and alleged that the Plankinton Bank, a corporation, was the owner in fee of the property described in the complaint. The amendment to the answer filed by leave of the circuit court withdraws the defendants' claim of fee-simple title, alleges as a new defense that the plaintiff obtained the title without consideration, and by virtue of an assignment of a sheriff's certificate of sale upon a judgment obtained by Melvin Grigsby against Frederick T. Day, and that on March 1st, 1893, long prior to such judgment and sale thereunder, said Grigsby had assigned his claims against the said Day to the defendant bank as collateral security to a promissory note given by the said Grigsby to the defendant bank for a sum upwards of $7,000, and that the defendant bank is still the owner and holder of said claims, and by virtue thereof a holder of a lien upon the property superior to the title of the plaintiff, and that the plaintiff holds the lands in trust for the defendants; and by way of counterclaim the defendants allege that the said bank has a mortgage lien upon the premises described in the complaint, and asks that the said mortgage be reformed so as to include the property described in the complaint, and the same foreclosed."

In the quitclaim deed which defendants now ask to foreclose in this action as a mortgage the premises are described as being situated in the county of Minnehaha and state of Minnesota, and to make such deed embrace the South Dakota land described in plaintiff's complaint is the purpose of the reformation sought to be ef-

fected under the amended answer and counterclaim. It further appears that Frederick T. Day was the president of the Plankinton Bank when he executed the deeds or mortgages to such bank with a secret understanding that they were not to be recorded because it would be likely to injure his credit, and that he might continue to sell and convey the property by executing deeds in his own name just as he had done previous to that time. These deeds or mortgages originally covered over 25,000 acres of land situated in South Dakota, North Dakota, Minnesota and Wisconsin, some of which has been disposed of apparently without giving Day credit therefor, and as the value of the same, together with other securities belonging to Day and held by the bank as additional collateral to such indebtedness is likely to be disputed, the foreclosure of the mortgage in this action would impose greater expense, delay and hardship upon plaintiff than the circumstances of the case justify. The New York Supreme Court (App. Div.) in denying the right of the defendant to amend his answer by setting up a counterclaim say: "In making the motion which resulted in this order, the defendant waited for practically two months after the decision by the Court of Appeals and until the time for trial was again approaching. The proposed answer renews two defenses which upon the former trial were waived by the defendant, one, that the plaintiff, by reason of being a foreign corporation, has no standing to sue in the Courts of this state owing to its failure to comply with the laws of this state, and the other, a claim for excessive duties paid by the defendant; and the answer seeks to vary the terms of the contract in respect to the price at which specific goods were to be sold. Certainly the defendant ought not at this time to be permittel to vary the terms of his contract, or inject into the case any new issues which will require the plaintiff to make additional preparation for its defense. The plaintiff is now prepared for trial upon the isspes as they stood before the motion was granted. If the new issues are now permitted to be brought in, it may very well be that additional testimony in England will be required to be taken, and the plaintiff may be delayed in bringing its action to trial, which after this long delay, it is entitled to have promptly disposed of. The defendant

Talcott is not shorn of any rights, of which he is possessed, to make available his rights under the counterclaims." Henry & Co. v. Talcott, 89 App. Div. Rep. 76. The same being true in this case it may be assumed without deciding that defendants' claim of fee-simple ownership was made in good faith and that the right to fore-close their mortgage in this action once existed, but nevertheless such right ought not to be asserted at this late date and, under the circumstances, they can rightfully do no more than assail plaintiff's title and offer evidence to establish the validity of their mortgage. The subject of the action is the title to be quieted and by disregarding such allegations of the amended answer as pertain to the foreclosure of a mortgage that pleading is made responsive to the complaint and within triable issues.

Receding, therefore, from our former view that the defendants' alleged mortgage may be foreclosed in this action notwithstanding their laches the order appealed from is to that extent reversed with the direction that the trial court eliminate from the amended answer and counterclaim all allegations essential to a foreclosure of the mortgage.

On rehearing. Former opinion modified, and order below modified.

For former opinion, see 18 S. D. 330, 100 N. W. 1127.