[No. 8125.   Department Two.   December 20, 1909.]

## C. A. STONE et al., Respondents, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant.[1]

PLEADING—ANSWER—AFFIRMATIVE DEFENSE—SUFFICIENCY.   A so-
called affirmative defense reiterating facts appearing on the face of
the complaint, and challenging their legal sufficiency, is properly
stricken as presenting no issue.

PLEADING—AMENDMENT—ALLOWANCE.   It is not error to refuse to
permit the filing of an amended answer contradicting an admission
in the original answer, unless good cause is shown for the change.

INSURANCE—MARINE INSURANCE—POLICY—CONSTRUCTION.   A gen-
eral contract of insurance of shipments by rail within the limits of
the United States and Canada, and shipments by steamers navigating
coastwise and inland waters of the United States, covers a shipment
from San Francisco to Bellingham and Seattle, by a steamer driven
from her course by stress of weather while navigating such waters,
and lost by perils of the sea, although the ship intended to stop
en route at Victoria, a foreign port; since the policy was manifestly
intended to cover losses occurring in certain well defined geograph-
ical limits.

Appeal from a judgment of the superior court for What-
com county, Neterer, J., entered November 12, 1908, upon

[1]Reported in 105 Pac. 856.

findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action on an insurance policy.    Affirmed.

*Parrott & Griswold*, for appellant.

*Newman & Howard*, for respondents.

RUDKIN, C. J.—This was an action on an insurance policy, to recover the value of certain goods lost by the perils of the sea.    So far as material to the present inquiry, the facts are as follows:  On the 24th day of August, 1905, the defendant insured the plaintiffs to the amount of $10,000 on all kinds of lawful goods and merchandise, consisting principally of electrical appliances, apparatus and supplies for electric roads, against loss or damage by fire, collision, derailment of trains or perils of the sea, for the term of one year from August 19, 1905.

In general terms the policy covered shipments by rail within the United States and Canada, and shipments by steamers navigating coastwise and inland waters of the United States, excluding the Great Lakes.    Export goods were expressly excluded from the policy, and the insurance on imports did not attach until the risks assumed by the marine undertakers terminated.    During the life of the policy, the plaintiffs shipped certain gas and electrical appliances and supplies of the value of $843.11, from the Port of San Francisco to the ports of Bellingham and Seattle, by the Steamship Valencia, which sailed from the port of San Francisco on or about January 20, 1906.    The Valencia encountered a storm at sea while off and before entering the Straits of Juan De Fuca, was driven against the rocks at or near Cape Beale, on the western coast of Vancouver Island, and was totally lost by the perils of the sea, together with her cargo.    The case was tried before the court without a jury, and from a judgment in favor of the plaintiffs, this appeal is prosecuted.

The sufficiency of the complaint and findings to support

the judgment is the principal question presented by the appeal, but certain preliminary questions that arose during the progress of the trial call for a passing notice. The first answer filed in the cause denied certain allegations of the complaint, admitted others, and set forth a so-called affirmative defense. This answer was withdrawn by stipulation of the parties, and a second answer was filed. The second answer admitted certain allegations of the complaint which were denied in the first answer, and set forth the same affirmative defense. The affirmative defense was stricken on motion, and leave to file a third answer, denying certain allegations of the complaint which were expressly admitted in the second answer, was refused. These rulings are assigned as error.

The so-called affirmative defense presented no issue. It simply reiterated facts already appearing on the face of the complaint and challenged their legal sufficiency to warrant a recovery. Nor was there error in the refusal of the court to permit the filing of a third answer, for the purpose of denying certain allegations of the complaint which had theretofore been expressly admitted. Amendments are always allowed in furtherance of justice, but most assuredly a court is not bound to permit a sworn admission to be converted into a sworn denial, unless some good cause for the change is shown. No such showing was made here. On the contrary, the appellant insisted upon its right to amend as a matter of course.

"As a general rule a party will not be allowed to file an amendment contradicting an admission made in his original pleadings. If it be proper in any case, it must be upon very satisfactory evidence that the party has been deceived or misled, or that his pleading was put in under a clear mistake as to the facts." 31 Cyc. 422.

See, also, *Smith v. Equitable Mtg. Co.*, 74 Hun 26, 26 N. Y. Supp. 180; *Balch v. Smith*, 4 Wash. 497, 30 Pac. 648.

On the merits of the case the appellant contends that the lost goods were not in transit by steamers "navigating coast-

wise and inland waters of the United States" at the time of their loss, and were therefore not covered by the policy. The basis of this contention is the fact that the Valencia intended to stop at Victoria, a foreign port, on her trip from San Francisco to Bellingham and Seattle, and was, therefore, not a steamer navigating coastwise and inland waters of the United States. This contention cannot be sustained. The intention of the parties to the contract of insurance must be gathered from the contract itself, from the risks excluded as well as from the risks included. The contract expressly included shipments by rail within the limits of the United States and Canada, and shipments by steamers navigating coastwise waters of the United States. The trip by water from San Francisco to Bellingham and Seattle is over coastwise and inland waters of the United States, and is as clearly within the policy and within the intention of the parties as if referred to in express terms. The fact that the ship intended to stop at Victoria en route is, in our opinion, immaterial. Had the property been lost while in the harbor at Victoria, or after the ship had voluntarily departed from the coastwise and inland waters of the United States, a different question would arise, but the ship was en route from San Francisco to Bellingham and Seattle, plying coastwise and inland waters of the United States, and was on such waters when driven from her course by stress of weather and destroyed by perils of the sea. The policy did not insure any particular voyage or any particular ship or class of ships, and the technical question as to whether Victoria, Bellingham or Seattle was the terminus *ad quem*, or whether the ship was engaged in coastwise trade never entered into the minds of the contracting parties, was not material to the risk insured against, and should not be held controlling by the courts.

We think the parties manifestly intended to cover losses occurring within certain defined geographical limits within the period of the policy and that the loss in question was

clearly included. *St. Paul Fire & Marine Ins. Co. v. Knickerbocker Steam Towage Co.*, 93 Fed. 931.

The judgment is affirmed.

DUNBAR, CROW, MOUNT, and PARKER, JJ., concur.